Hilda JOHNSON, et al., Plaintiffs,

v.

**GREAT AMERICAN INSURANCE COMPANY, et al.,**
**Defendants.**

**No. 5:01CV177.**

United States District Court,
S.D. Mississippi,
Western Division.

Nov. 29, 2001.

Robert A. Pritchard, Pritchard Law Firm, PLLC, Pascagoula, MS, for plainitiffs.

John W. Robinson, III, Phelps Dunbar, Jackson, MS, George Ball, Jr., Phelps Dunbar, New Orleans, LA, J. Price Coleman, Robert M. Arentson, Jr., Michael Scott Minyard, Scott William Bates, Baker, Donelson, Bearman & Caldwell, Jackson, MS, David A. Barfield, Kimberly P. Wallace, Barfield & Associates, Jackson, MS, Thomas C. Gerity, Copeland, Cook, Taylor & Bush, Ridgeland, MS, Edward J. Currie, Jr., Kristi Ann Duncan, Currie, Johnson, Griffin, Gaines & Myers, Jackson, MS, Robert A. Miller, Butler, Snow, Stevens & Cannada, Jackson, MS, Consuelo W. Walley, Law Offices of Jon A. Swartzfager, Laurel, MS, Susan Coco, Jude & Coco, LLP, Hattiesburg, MS, William F. Goodman, III, William F. Goodman, Jr., Katherine K. Smith, Watkins & Eager, Jackson, MS, Ronald G. Peresich, Michael Edward Whitehead, Page Mannino, Peresich & McDermott, Biloxi, MS, Fred Krutz, III, Laina Darlene Woodard, Forman, Perry, Watkins, Krutz & Tardy, Jackson, MS, David H. Fulcher, U.S. Attorney's Office, Jackson, MS, James P. Streetman, III, Clark, Scott & Streetman, Jackson, MS, Thomas W. Tyner, Aultman, Tyner, Ruffin & Yarborough, LTD, Hattiesburg, MS, David Luke Trewolla, Dogan & Wilkinson, Jackson, MS, John A. Foxworth, Jr., foxworth & Casano, P.A., Gulfport MS, Patrick R. Buchanan, Brownm Buchanan & Sessoms, Biloxi, MS, Chrisopher A. Sharpley, Brunini, Grantham, Grower & Hewes, Jackson, MS, Thomas W. Tardy, III, Stefan G. Bourn, Forman, Perry, Watkins, Krutz & Tardy, Jackson, MS, Michael N. Watts, Holcomb Dunbar, P.A., Oxford, MS, William C. Reeves, Markow, Walker & Reeves, Jackson, MS, Heffrey P. Hubbard, Wells, Moore, Simmons & Hubbard, Jackson, MS, Robert Wilkinson, Dogan, Wilkinson, Kinard, Smith & Edwards, Pascagoula, MS, Alben N. Hopkins, Barvile & Hopkins, PLLC, Gulfport, MS, John D. Cosmich, Walter G. Watkins, Jr., Craig E. Brafield, Forman, Perry, Watkins, Krutz & Tardy, Jackson, MS, Thomas W. Busby, Dukes, Diles, Keating & Faneca, Gulfport, MS, James L. Fletcher, Jr., Duncan & Courtington, New Orleans, LA, David C. Dunbar, Dunbar & Monroe, PLLC, Jackson, MS, Tim D. Gray, Forman, Perry, Watkins, Krutz & Tardy, Jackson, MS, for defendants.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on the motion of plaintiffs to remand this case to the Circuit Court of Jefferson County, Mississippi. Defendant Great American Insurance Company has responded in opposition to the motion and the court, having considered the memoranda of authorities, together with attachments, submitted by the parties, concludes that plaintiffs' motion is well taken and must be granted.

On June 30, 2000, forty-seven plaintiffs, all residents of Mississippi or Alabama, filed suit in the Circuit Court of Jefferson County seeking to recover damages for injuries allegedly suffered as a result of exposure to asbestos. Named as defendants were seventy-eight companies, including A.P. Green Industries, Inc., that had at some time been engaged in the manufacture of asbestos-containing products. Subsequently, on April 5, 2001, thirty-four plaintiffs, all residents of Alabama, Georgia, North Carolina or Texas, were added as parties to the action. Then, on May 7, 2001, a second amended complaint was filed in the state court action which, in addition to adding as plaintiffs five Ohio citizens who claim to have suffered injuries from exposure to asbestos-containing products, included a claim for declaratory judgment against a newly-added defendant, Great American Insurance Company, an Ohio insurer, seeking a declaration as to "the rights, duties, and obligations under insurance policies provided to or on behalf of A.P. Green Industries, Inc., by Great American Insurance Company." In that second amended complaint, the plaintiffs allege that A.P Green is insured under a certain general comprehensive liability policy issued by Great American which policy, they contend, "cover[s] claims against and losses incurred by ... A.P. Green .... on behalf of the plaintiffs...." A.P. Green answered the second amended complaint and asserted with its answer a cross-claim for declaratory relief against Great American, seeking, like the plaintiffs, a declaration of "Great American's rights, duties,

and obligations under the Great American policy with respect to Plaintiffs' Asbestos Claims" against A.P. Green.

Soon after filing the second amended complaint, the plaintiffs filed a "Motion to Sever" in which they took the position that "[s]everance of the Declaratory Judgment Claim and the parties thereto will promote judicial economy, reduce or eliminate prejudice, and reduce jury confusion." They thus asked that the court "sever the Declaratory Judgment claim and parties thereto into a related action with the cause number '2000–108(A)'." Prior to a ruling by the court on the motion, Great American filed its notice of removal pursuant to 28 U.S.C. § 1441, contending that this court has jurisdiction based on diversity of citizenship under 28 U.S.C. § 1332. According to Great American, plaintiffs' claim for declaratory judgment is properly considered to be a separate "civil action" separate from their claim against the asbestos defendants, and one over which this court has diversity jurisdiction.

■ Plaintiffs' claim against Great American is and was at the time of removal joined with their claims against the asbestos manufacturers, which claims are not within this court's jurisdiction and hence are not themselves removable. The general removal statute, 28 U.S.C. § 1441, does permit removal of "[a] separate and independent claim or cause of action" that has been joined with an "otherwise non-removable claim[] or cause[] of action," but only where that "separate and independent claim" is within the court's federal question jurisdiction under 28 U.S.C. § 1331.[1]

1. Section 1441 states, in pertinent part, as follows:

(a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division

embracing the place where such action is pending. For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded.

(b) Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States

Thus, removal was not authorized by § 1441(c) inasmuch as the sole basis cited by Great American for this court's jurisdiction over plaintiffs' declaratory judgment claim against Great American is diversity of citizenship under 28 U.S.C. § 1332, and not federal question jurisdiction under § 1331.[2] Great American insists, though, that removal was proper under § 1441(a), because a third-party's claim for declaratory judgment to establish insurance coverage for his claim against the tortfeasor/insured is, in effect, a separate lawsuit from the underlying tort action.

Great American's argument in this regard is premised on its contention that for all practical purposes, or at least for removal purposes, a declaratory judgment action to determine insurance coverage is much like a garnishment action; and, according to Great American, since the Fifth Circuit has recognized that "garnishment actions against third-parties are generally construed as independent suits, at least in relation to the primary action," *Butler v. Polk*, 592 F.2d 1293, 1295 (5th Cir.1979), and hence are removable under § 1441(a–b), then this action is likewise removable.[3] *See also Berry v. McLemore*, 795 F.2d 452, 455 (5th Cir.1986) (citing *Butler*) (stating that "garnishment actions against third parties are construed as independent actions from the primary action which established the judgment debt"); *See Boston v.*

*Titan Indem. Co.*, 34 F.Supp.2d 419, 421–22 (S.D.Miss.1999) (finding that a "suggestion for garnishment, although assigned the same cause number as the underlying wrongful death action in state court, is a separate civil action within the purview of the removal statutes"); *Lewis v. Blackmon*, 864 F.Supp. 1, 4 (S.D.Miss.1994) (holding that a suggestion for writ of garnishment against an insurer to collect a wrongful death judgment constitutes a separate civil action and is therefore removable under § 1441(a)). The court finds Great American's argument unpersuasive.

Although a garnishment action to collect a judgment and a declaratory judgment action to determine whether insurance coverage applies to an underlying claim as to which a judgment is sought obviously have a similar purpose in that both are directed toward establishing a source of payment for injuries caused by a tortfeasor, the two are not necessarily equivalent for removal purposes. The cited cases all recognize not only that a garnishment proceeding is a "civil action" within the meaning of (§ ) 1441(a), but also that it is a civil action that exists separate and apart from the primary action that established the judgment debt which provides the foundation for the right of action against the garnishee. A garnishment action, by its nature, cannot be "joined with" the original action, for a judgment creditor cannot commence a gar-

---

shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

(c) Whenever a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise nonremovable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or,

in its discretion, may remand all matters in which State law predominates.

**2.** The Declaratory Judgment Act itself does not confer jurisdiction, but rather requires an independent basis for subject matter jurisdiction. (*See TTEA v. Ysleta Del Sur Pueblo*, 181 F.3d 676, 681 (5th Cir.1999)).

**3.** The parties acknowledge that the characterization of a garnishment action for removal purposes is a matter of federal law rather than a matter determined by construing the state's garnishment statute. *See Butler v. Polk*, 592 F.2d 1293, 1295 (5th Cir.1979).

nishment action until such time as he becomes a judgment creditor, i.e., secures a judgment. The effort to collect the judgment via garnishment occurs only after the original action has concluded. Thus, even though, procedurally, a garnishment action may be filed under the same number as the case in which the judgment was obtained, it is, in effect, an entirely separate lawsuit. In this vein, the court in *Bridges for Bridges v. Bentley by Bentley,* 716 F.Supp. 1389, 1390 (D.Kan.1989), took care to point out that a garnishment case was removable, "not because section 1441(c) [was] applicable," but rather because it was a distinct civil action under § 1441(a):

> The garnishment action filed against the garnishee is not joined by any claim or cause of action against the defendant. The plaintiff's cause of action against the defendant has already been resolved in his favor in state court. The petition for garnishment is directed only toward the garnishee and not the defendant.

*Id.See also Smotherman v. Caswell,* 755 F.Supp. 346, 348 (D.Kan.1990) (stating that

"[in] order for section 1441(a) to have application, the ... garnishment proceeding must be a distinct 'civil action,'" and that "[u]nder federal law this garnishment action for the purposes of section 1441(a).... The garnishment involves a new party litigating the question of a new liability.").

A declaratory judgment action to determine insurance coverage may also be brought following the conclusion of litigation which established the insured's liability; but unlike with a garnishment, a party seeking an adjudication of insurance coverage via declaratory judgment is not required to await the conclusion of the underlying litigation to assert his claim. And in the court's opinion, where a third party asserting a claim for declaratory judgment against an alleged tortfeasor's insurer to establish insurance coverage joins that claim with his claim against the tortfeasor, rather than bringing it as a separate action, § 1441(c) applies so that removal is then available only if the claim for declaratory judgment arises under federal law.[4]

---

4. The court notes that the comments to Mississippi Rule of Civil Procedure 57 recite that

> Rule 57(b) was amended in 2000 to authorize an injured party, where an insurer has indicated that it may deny coverage of the injured party's claim, to seek a declaratory judgment establishing coverage. The traditional rule in Mississippi barred any type of direct action by an injured party against an insurer, *Crum. v. Mississippi Mun. Serv. Co., Inc.,* 1998 WL 378333 (N.D.Miss.1998), citing *Hunt v. Preferred Risk Mut. Ins. Co.* 568 So.2d 253; *Westmoreland v. Raper,* 511 So.2d 884 (Miss.1987); and *Clark v. City of Pascagoula,* 507 So.2d 70 (Miss.1987). The amendment modifies the traditional rule in the interest of judicial economy by allowing a direct action for the limited purpose of a declaratory judgment.
>
> ...
>
> Allowing the injured party to seek a declaration that the injured party's claim is covered by the defendant's policy may reduce litigation costs. First, it may avoid unnecessary litigation when the policy is the only

> asset that might satisfy the injured party's claim, because a determination of non-coverage would avoid the need of trial of the claim against the insured. In addition, if the injured party brings the claim for declaratory judgment together with the claim against the insured, the rule may allow all the issues growing out of an incident to be resolved in a single judgment.
>
> As emphasized elsewhere in this Comment, whether the insured may or should be joined in the declaratory judgment action, and what other claims may be asserted, are issues to be determined under the existing rules governing joinder of claims and parties. Where such joinder is appropriate or necessary, the court retains discretion under Rule 42(b) to order separate trials in whichever sequence the court finds most appropriate. Absent extraordinary circumstances, the failure to order separate trials in order to avoid putting the issue of insurance before the jury which tries liability and damages as between the insured and the injured party will be deemed an abuse of discretion.

■ A declaratory judgment claim such as this is obviously a "civil action" which could be brought as a separate action; and such claim, if brought as a separate action instead of having been joined with the plaintiffs' claims against the manufacturer defendants, would be removable if the requisites for diversity jurisdiction were present. The fact that the claim for declaratory relief was not brought as a separate action but rather was joined with the plaintiffs' claim against the manufacturer defendants mandates that the case be remanded.[5]

Based on the foregoing, therefore, it is ordered that plaintiffs' motion to remand is granted.

---

**5.** In this case, the plaintiffs filed in state court a "motion to sever," which had not been ruled on at the time of removal, and which has not been ruled on by this court. *See supra* p. 659. In *Phillips v. Unijax, Inc.*, 625 F.2d 54 (5th Cir.1980), the Fifth Circuit held that removal is not allowed when the state court merely orders separate trials, rather than actually severing the action into two or more separate and independent causes. Presumably, the state court will rule on the motion upon remand. This court would take this opportunity to note that from its review of the motion to sever, it is not clear whether plaintiffs seek a severance or merely separate trials. Though the former seems likely, clarification would seem to be in order.