Tammie WILKINSON, individually and on behalf of all wrongful death beneficiaries of Stacye M. Wilkinson Plaintiff

v.

Reuben J. JACKSON, Transport Systems Insurance Agency, Insurance Corporation of Hannover, Premium Financing Specialist, Inc., Jamie Vickery, Vickery & Associates, Inc., Bob Lee and John Doe Defendants "A"-"M" Defendants

No. CIV.A. 502CV561BRS.

United States District Court, S.D. Mississippi, Western Division.

Aug. 6, 2003.

---

Jeptha F. Barbour, IV, Henry, Barbour & Decell, Yazoo City, MS, O. Stephen Montagnet, III, McCraney, Nosef, Montagnet & Sanford, PLLC, Jackson, MS, for Tammie Wilkinson, individually and on behalf of all wrongful death beneficiaries of Stacye M. Wilkinson, plaintiff.

Richard T. Lawrence, Watkins & Eager, Jackson, MS, for Transport Systems Ins. Agency.

W. Scott Welch, III, Daniel P. Jordan, III, Butler, Snow, O'Mara, Stevens & Cannada, Jackson, MS, for Insurance Corp. of Hannover.

Ross F. Bass, Jr., James W. Craig, James Shelson, Kenneth J. Grigsby, Phelps Dunbar, Jackson, MS, for Premium Financing Specialist, Inc.

Eugene R. Naylor, Charles E. Ross, Wise, Carter, Child & Caraway, Jackson, MS, for Jamie Vickery, Vickery & Assoc., Inc.

## MEMORANDUM OPINION AND ORDER

BRAMLETTE, District Judge.

This matter comes before the Court on the plaintiff's Motion to Remand [docket no. 9–1]. Having reviewed the Motion, briefs, applicable statutory and case law and being otherwise fully advised as to the premises, the Court finds as follows:

### FACTS

#### 1. Procedural History

On October 11, 2002, an automobile accident claimed the life of the plaintiff's decedent, Stacye M. Wilkinson. Mr. Wilkinson was the passenger in a Mississippi Department of Transportation [MDOT] vehicle struck by a dump truck operated by defendant Reuben J. Jackson. On December 13, 2001, Wilkinson's wife, Tammie Wilkinson, filed a wrongful death action in the Circuit Court of Yazoo County, Mississippi, naming Jackson as the sole defendant.

Jackson did not answer the Complaint and a default judgment was entered in favor of plaintiff Wilkinson on February 26, 2002. An Order and Judgment was entered on May 21, 2002, awarding the plaintiff $4,549,925.21. The plaintiff subsequently filed a Motion for Relief pursuant to Mississippi Rule of Civil Procedure 60(b)(6). Said Motion was granted by the court and the previous Order was amended, awarding the plaintiff $6,779,783.21.

On August 5, 2002, Jackson assigned to the plaintiff any rights he might have against any entity who may have been responsible to Jackson for insurance coverage connected with the automobile accident. (Plaintiff's Motion, Ex. D). In return, the plaintiff agreed not to execute the nearly seven million dollar judgment against Jackson if she successfully pursued a coverage claim and/or the assigned claims.[1] *Id.*

On the same day, the plaintiff filed its First Amended Complaint (assigned the same cause number as the underlying wrongful death action) seeking a declaratory judgment regarding potential insurance coverage and asserting the claims it had obtained from Jackson.[2] This Complaint added Jackson's local insurance agent, Transport Systems Insurance Agency [TSI], the insurer, Insurance Corporation of Hannover [ICH], and Premium Finance Specialist, Inc.[3] [PFS], as defendants. Four days later, the plaintiff filed a Second

---

1. Additionally, Jackson agreed to pay the plaintiff $110.00 per month until proceeds from the assigned claims were sufficient to satisfy the judgment.

2. The Complaint states claims for negligence, breach of contract, tortious breach of contract, bad faith, breach of fiduciary duties, negligent supervision, emotional distress, and estoppel.

3. PFS financed Jackson's insurance policy with ICH. Under the agreement, PFS paid ICH, up front, the total amount due under the policy, and Jackson made monthly payments to PFS. PFS was given a power-of-attorney to cancel the policy if Jackson failed to pay.

Amended Complaint adding additional defendants, including ICH's selling agent, Jamie Vickery and Vickery & Associates, Inc., as well as TSI employees Bob Lee and Leighann Nobles. While Jackson remained a named defendant on both of the Amended Complaints, neither of these complaints alleged any claims or causes of action against Jackson.

On August 20, 2002, the diverse insurance defendants[4] removed the action to this Court, asserting that the resident defendants[5] have been fraudulently joined to defeat diversity jurisdiction. On September 3, 2002, the plaintiff filed a Third Amended Complaint, reasserting the wrongful death claims of the original action against Jackson,[6] and naming as a defendant Tim McDaniel, the wrongful death beneficiary for the driver of Wilkinson's vehicle.

## 2. Jackson's Insurance

In April, 2000, Jackson obtained liability insurance for his 1994 Freightliner Truck and Trailer through his local agent, TSI. The policy was issued by ICH and had a value of $1,000,000. Jackson made a downpayment on the policy with the remaining balance to be financed by PFS. The finance agreement required Jackson to pay $85.10 on or before the third of every month for nine consecutive months. On April 4, 2001, the ICH policy was renewed by Jackson for another year.

When Jackson's check for the July 2001 payment was returned by the bank, PFS sent Jackson a notification that his payment was past due. The notification stated, "[i]f PFS does not receive the amount due on or before 7/21/01 your financed insurance policies will be canceled." After speaking with an employee at PFS to confirm the amount owed, Jackson mailed a second check. It is unclear from the record whether Jackson mailed this check to TSI or to PFS. The Second Amended Complaint states that "TSI received Mr. Jackson's premium check." (Second Amended Complaint, ¶ 23). The Third Amended Complaint states that Jackson mailed the check to PFS. (Third Amended Complaint, ¶ 23).

Nevertheless, from the deposit stamp appearing on the reverse of the check, it is clear that the check was deposited on July 20, 2001. (Notice of Removal, Ex. C). On that same day, July 20, 2001, PFS mailed ICH a notice of cancellation of Jackson's policy.[7] The notice reads, in part,

TO THE INSURER: The policies listed above are HEREBY CANCELLED by PFS on behalf of the insured in accordance with the authority given us by the insured to cancel the policies upon default in his payment to PFS. The above insured and the producer(s) listed herein have been notified by ordinary mail of this cancellation.

---

4. ICH, PFS, and Jamie Vickery and Vickery & Associates, Inc.

5. The plaintiff is a resident of Yazoo County, Mississippi. Defendants Jackson, TSI, Bob Lee, Leighann Nobles, and Tim McDaniel, are also residents of Mississippi.

6. The plaintiff added this paragraph:
Plaintiff incorporates all allegations and causes of actions [sic] asserted in prior versions of the Complaint in this action, including all factual allegations and theories

of liability against defendant Reuben Jackson.
(Third Amended Complaint, ¶ 65).

7. These facts are most relevant to the plaintiff's claim that Jackson's policy was improperly cancelled by PFS. The plaintiff's argument is that PFS failed to give Jackson the full ten (10) days required by Mississippi statute before exercising its power-of-attorney and cancelling the policy. The Court does not reach this specific issue in its consideration of the instant Motion to Remand.

(Motion to Remand, Ex. I). However, the Complaint alleges that "PFS never sent Jackson a notice of cancellation." (Third Amended Complaint, ¶ 29).

On or about August 3, 2001, PFS sent ICH, TSI and Jackson a notice of "Request for Reinstatement." (Notice of Removal, Ex. D). This notice stated that the policy had been cancelled by PFS on July 23, 2001 "because of the default of the insured." *Id.* The notice also indicated:

> The insured's account is now current. The insured would appreciate reinstatement of the below policy(s). Only the insurance company can reinstate cancelled policy(s). Please immediately advise the insured, his agent and PFS if the policy(s) will be reinstated, or will remain cancelled. IF THE INSURANCE IS TO REMAIN CANCELLED, PLEASE FORWARD PFS THE RETURN PREMIUM PROMPTLY.

At the bottom of the notice, the following statements appeared in bold:

> THE POLICIES LISTED ABOVE ARE CANCELLED AND ARE NOT IN FORCE UNTIL THE INSURANCE COMPANY ADVISES [illegible] TO THE CONTRARY. ONLY THE INSURANCE COMPANY CAN REINSTATE YOUR POLICIES. IF YOU ARE NOT ADVISED PROMPTLY CONTACT YOUR INSURANCE AGENT. IF YOUR INSURANCE COVERAGE IS NOT REINSTATED, [illegible] PAYMENTS MADE FOLLOWING CANCELLATION WILL BE CREDITED TO YOUR ACCOUNT. THE FACT THAT YOU CONTINUE TO MAKE PAYMENTS TO PFS DOES NOT MEAN YOUR INSURANCE IS IN FORCE. ONLY THE INSURANCE COMPANIES OR YOU AGENT CAN ADVISE YOU AS TO THE STATUS OF YOUR INSURANCE COVERAGE.

*Id.*

The Complaint states that "[o]n or about August 7, 2001, Leighann Nobles [a TSI employee] sent a memo to Reuben Jackson enclosing an endorsement EFF07–23–01, purporting to cancel Policy No. H720000251." (Third Amended Complaint, ¶ 31). The Complaint's next paragraph reads:

> Consistent with his understanding that his insurance had not, in fact, been cancelled, PFS mailed to Reuben Jackson, on or about August 12, 2001, another "Notice of Intent to Cancel," which stated,
>
>> Your payment is now past due. If PFS does not receive your payment on or before 8/19/01 your insurance policies will be cancelled. (KINDLY DISREGARD THIS NOTICE IF YOU HAVE ALREADY MAILED YOUR PAYMENT.) MAKE YOUR PAYMENT NOW TO KEEP YOUR INSURANCE IN FORCE.

(Third Amended Complaint, ¶ 32).

In response, Jackson contacted PFS and again inquired as to the amount required to cure the problem. Jackson then mailed PFS a check for $119.71, dated August 13, 2001, which was deposited August 20, 2001. (Notice of Removal, Ex. F).

In a memo dated August 13, 3001, and received on or about that date, Leighann Nobles wrote Jackson the following:

> We have received notice of intent to cancel from the finance company regarding the 8/04/01 payment. Please make this payment at this time. If this payment has already been made, please disregard this notice.

(Motion To Remand, Ex. K).

Jackson's September payment of $85.44 was deposited by PFS on September 10,

2001. On October 11, Jackson's truck collided with the vehicle in which Stacye Wilkinson was riding, resulting in Wilkinson's death. The Complaint states that on October 12, 2001, Jackson contacted TSI and was told that his insurance had been cancelled on July 23, 2001. Jackson states that he produced documentation showing that he had paid his premiums, but that TSI and its agents "refused to take action to reverse ICH's position." (Third Amended Complaint, ¶ 47).

On or about October 18, 2001, TSI president Bob Lee mailed Jackson a refund of premiums previously paid by Jackson. Along with the refund, Lee enclosed a letter which stated, in part,

> This is the return balance on your account after paying off Premium Financing Specialists. PFS did request reinstatement of your policy to Hannover Insurance Company [ICH], however, the request was after the cancellation date and Hannover would not reinstate. PFS never requested a payoff from us because you were still sending them payments thinking you were doing the right thing.

(Motion to Remand, Ex. L).

After the instant suit was commenced against Jackson, Jackson notified TSI and Bob Lee of the lawsuit and requested a defense. Lee forwarded this information to Vickery & Associates. Vickery & Associates requested additional information from Jackson on November 20, 2001. (Motion to Remand, Ex. M). On January 11, 2002, claims administrator John Pugliano faxed Jackson's attorney a memo stating, in part:

> The Insurance Corporation of Hanover (Policy H720000760) was cancelled effective 7–30–01. As cancellation was prior to the date of loss, there would not be any insurance coverage for Mr. Jackson under the referenced policy of insurance. As a result of no insurance under the referenced policy of insurance we will not be providing an Answer to the Complaint captioned above.

(Motion to Remand, Ex. P).

As stated in the previous section, Jackson failed to answer the Complaint, a default judgment was entered, and Jackson assigned his claims against the insurance defendants to the plaintiff.

## DISCUSSION

When considering a motion to remand, the district court accepts as true all relevant allegations contained in the complaint and construes all factual ambiguities in favor of the plaintiff. *Willy v. Coastal Corp.,* 855 F.2d 1160, 1163–64 (5th Cir. 1988). Removal statutes are strictly construed, and all doubts are resolved against the finding of proper removal. *Dodson v. Spiliada Maritime Corp.,* 951 F.2d 40, 42 (5th Cir.1992); *Butler v. Polk,* 592 F.2d 1293, 1296 (5th Cir.1979).

A party attempting to prove fraudulent joinder carries a heavy burden. *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 259 (5th Cir.1995). "The removing party must prove that there is absolutely no possibility that the plaintiff will be able to establish a cause of action against the in-state defendant in state court, or that there has been outright fraud in the plaintiff's pleading of jurisdictional facts." *Green v. Amerada Hess Corp.,* 707 F.2d 201, 205 (5th Cir.1983).

"After all disputed questions of fact and all ambiguities in the controlling state law are resolved in favor of the nonremoving party, the court determines whether that party has any possibility of recovery against the party whose joinder is questioned." *Carriere v. Sears, Roebuck & Co.,* 893 F.2d 98, 100 (5th Cir.1990). "If there is 'arguably a reasonable basis for predicting that the state law might impose

liability on the facts involved,' then there is no fraudulent joinder." *Badon v. RJR Nabisco Inc.,* 236 F.3d 282, 286 (5th Cir. 2000) (quoting *Jernigan v. Ashland Oil Inc.,* 989 F.2d 812, 816 (5th Cir.1993)).

█ The instant case presents numerous questions, however the Court need address only a single issue to decide this Motion to Remand. To prevail, the removing defendants must show that each of the resident defendants has been fraudulently joined. A failure to demonstrate the absence of any reasonable possibility of recovery against anyone one of these resident defendants will mandate remand of this action. For the reasons set forth below, the Court finds that a possibility exists that the plaintiff may state a cause of action against TSI.

The defendant has pointed the Court to the case of *St. John Franks v. Golden, et al.,* Civil Action No. 3:99cv545BN (S.D.Miss.10/26/99) (Barbour, J.), as determinative on the issue of TSI's liability in the instant case. *Franks* is indeed quite similar to the case *sub judice,* however, the Court finds that *Franks* actually undermines the defendants' position. The facts of *Franks* are as follows.

Plaintiff St. John Franks filed suit against his insurer and insurance brokers when coverage was denied under his homeowners policy after the destruction of his home by fire. Much like the instant case, Franks failed to timely make the January payment on said policy and was mailed a notice of intent to cancel by the premium finance company, Southern National. Franks claimed that he did not receive the notice until the due date, but nevertheless, mailed the payment which was received approximately ten (10) days late.

Southern National then mailed a letter to Franks advising him that payment had not been received in time to avoid cancellation. Frank's local agent, Leakesville In-

surance Agency, allegedly contacted Southern National three (3) days later, and was "assured that Franks policy was in effect." *Franks* at 6. Over a month later, on March 8, Franks' insurance broker, Mississippi Underwriters, mailed Franks a renewal notice for the subject homeowners policy. On March 16, Franks' home was destroyed by fire and coverage was denied.

The insurer removed the action to federal court and Franks moved to remand. Most relevant to the case *sub judice* is the *Franks* court's consideration of the plaintiff's claim for breach of a fiduciary duty by Mississippi Underwriters. Judge Barbour explained the duty of an insurance agent under Mississippi law as follows:

> In *Bass,* the Mississippi Supreme Court considered the standard of care that an insurance agent must exercise in dealing with an insured. An agent is not held to a standard of ordinary negligence. For an insurance agent to be liable to an insured, the agent must engage in conduct that is grossly negligent or recklessly negligent.

*Franks* at 16 (internal citations omitted).

Judge Barbour concluded that the facts of the case did not show evidence of gross or reckless negligence on the part of Mississippi Underwriters in mailing Franks a policy renewal notice. The court noted that as a result of this notice, "Franks could have reasonably concluded that the policy continued to be in effect." *Franks* at 17. However, for *"Mississippi Underwriters to be liable for communicating this false impression, these Defendants must have had knowledge of its falsity."* *Id.* The facts of *Franks,* however, indicated that "[b]y the Plaintiff's own admission, Mississippi Underwriters was under the impression that the policy continued to be in force." *Id.*

It is at this point that the facts of *Franks* part ways with those of the instant case. For while the status of Mississippi Underwriters' knowledge was *admitted* by the plaintiff in *Franks*, no such admission is present here. Indeed, the instant plaintiff has alleged in the Complaint that it was the "grossly negligent, reckless and intentional representations, acts and omissions [of] the Insurance Defendants [that] created in the mind of Mr. Jackson a reasonable expectation of coverage and induced Mr. Jackson to refrain from obtaining additional insurance." (Third Amended Complaint, ¶ 105).

While this allegation alone might not be sufficient, the plaintiff's reference to the August 7, 2001 cancellation endorsement mailed to him by TSI creates a factual issue, not present in *Franks*, as to just what TSI knew about the status of Jackson's policy prior to sending the August 13, 2001 memo notifying Jackson that he should make his August payment. As in *Franks*, such a memo could have led Jackson to reasonably conclude that his insurance was still in force. However, unlike *Franks*, this false impression was conveyed by a party who, arguably, knew that the policy had been cancelled. Therefore, under the Mississippi law as stated in *Franks*, a reasonable possibility exists that the instant plaintiff can state a cause of action for gross negligence against TSI.

The Court finds that TSI has not been fraudulently joined in this action. The plaintiff's Motion to Remand is well-taken and shall be GRANTED. Accordingly,

IT IS HEREBY ORDERED that the plaintiff's Motion to Remand [docket no. 9–1] is **GRANTED**. A separate order remanding this case to the Circuit Court of Yazoo County, Mississippi shall follow.