Linda SAMPSON and Dale Sampson, Individually and as Wrongful Death Beneficiaries of Rivers Sampson, Deceased and on Behalf of All Wrongful Death Beneficiaries of Rivers Sampson, Deceased Plaintiffs

v.

MISSISSIPPI VALLEY SILICA COMPANY; Lamorak Insurance Company f/k/a Onebeacon America Insurance Company, Defendants

CIVIL ACTION NO. 5:17–cv–35–DCB–MTP

United States District Court, S.D. Mississippi, Western Division.

Signed 07/18/2017

John T. Givens, Porter & Malouf, PA, Jackson, MS, for Plaintiffs.

Mark J. Goldberg, Cosmich, Simmons & Brown, PLLC–Jackson, Jackson, MS; Christy Vinson Malatesta, Roy A. Smith, Jr., Daniel, Coker, Horton & Bell–Jackson, Jackson, MS, for Defendants.

## ORDER AND OPINION

David Bramlette, UNITED STATES DISTRICT JUDGE

This cause is before the Court on defendant Lamorak Insurance Company F/K/A Onebeacon America Insurance Company ("Lamorak Insurance Company" or "Lamorak")'s Motion to Dismiss (docket entry 13) and plaintiffs Linda Sampson and Dale Sampson, individually and as wrongful death beneficiaries (collectively, "Plaintiffs")'s Motion to Remand (docket entry

18). Having carefully reviewed the motions, memoranda, applicable statutory and case law, and being otherwise fully informed in the premises, the Court finds as follows:

## I. Facts & Procedural History

On October 21, 2014, plaintiffs Linda and Dale Sampson filed a wrongful death action against Mississippi Valley Silica Company ("MVSC") in the Circuit Court of Jefferson County, Mississippi, alleging that their late father's exposure to silica containing products sold by MVSC ultimately led to his death. Doc. 5, p. 12. The plaintiffs' initial complaint also asserted claims against a number of defendants allegedly involved in the production and manufacturing of silica containing products, and at the time the case was filed, both plaintiffs and at least one defendant were residents of Texas.

The non-diverse defendants were subsequently dismissed from the action, and MVSC, along with two other defendants, removed the case to this Court on September 3, 2015. Doc. 10, p. 829. Upon finding that not all remaining defendants consented to removal, the Court remanded the action back to state court for failure to comply with the "rule of unanimity." See Sampson v. Pangborn Corp., 2015 WL 5971254 (S.D. Miss. Oct. 14, 2015). All remaining defendants, except MVSC, were ultimately dismissed from the case, and the plaintiffs' claims against MVSC proceeded to trial in the Circuit Court of Jefferson County.

On February 28, 2017, the plaintiffs received a jury verdict in their favor and against MVSC in the amount of $400,000. Doc. 12, pp. 386–387. The jury also awarded the plaintiffs $100,000 in punitive damages. Id. at 388–389. After the jury verdict, but before entry of judgment, the plaintiffs filed a pleading styled "Motion for Rule 19 Joinder and Complaint for Declaratory Judgment" in state court. See Doc. 1–1. Within this pleading, the plaintiffs assert that Lamorak Insurance Company, MVSC's insurance carrier, should be joined in the underlying tort action because it has denied coverage to MVSC. The document also contains a complaint for declaratory judgment against Lamorak to resolve the coverage dispute. The plaintiffs subsequently served Lamorak with a copy of the pleading before the state court entered an order or took any action on the motion.

On March 22, 2017, Lamorak removed the action to this Court on the basis of diversity jurisdiction and filed a motion to dismiss shortly thereafter. The plaintiffs now move to remand.

## II. Discussion

Defendant Lamorak, as the removing party, bears the burden of proving that federal jurisdiction exists and that removal was proper. Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013). When considering motions to remand, federal removal statutes are to be strictly construed against removal, and all ambiguities or doubts are resolved in favor of remand. Wilkinson v. Jackson, 294 F.Supp.2d 873, 877 (S.D. Miss. 2003) (citing Willy v. Coastal Corp., 855 F.2d 1160 (5th Cir. 1988)).

In its Notice of Removal, Lamorak alleges that the case is removable pursuant to either 28 U.S.C. § 1441(a) or 28 U.S.C. § 1446(c)(1), depending on how the Court construes the plaintiffs' state court pleading. According to Lamorak, the plaintiffs' "so-called motion and complaint is in effect either an impermissible attempt to circumvent Mississippi law regarding direct actions against insurance companies, a standalone declaratory judgment action filed prematurely, or a disguised Writ of Garnishment." Doc. 1, p. 3. If Plaintiffs' claim

against Lamorak was properly joined in the underlying liability action, Lamorak asserts that removal is proper pursuant to 28 U.S.C. § 1446(c)(1) because the plaintiffs acted in bad faith to defeat removal. If, however, the pleading is construed as a stand-alone complaint for declaratory judgment, Lamorak contends that the action is removable pursuant to 28 U.S.C. § 1441(a).

In moving to remand, the plaintiffs contend that joinder of their declaratory judgment claim against Lamorak in the underlying liability action against MVSC is proper under Mississippi Rules of Civil Procedure 19 and 20. Further, they argue that removal is barred by 28 U.S.C. § 1446(c)(1) because the action has been pending for more than one year in the Circuit Court of Jefferson County, Mississippi, and no evidence of bad faith exists.

The parties do not dispute that complete diversity exists or that the amount in controversy exceeds the jurisdictional minimum. See Doc. 18, ¶ 6; Doc. 1, p. 4.

### A. Fraudulent or Procedural Misjoinder

■ The Court first considers whether Plaintiffs' declaratory judgment claim against Lamorak was fraudulently misjoined in the underlying tort action against MVSC. In arguing that the claims have been fraudulently misjoined, Lamorak urges the Court to sever and remand the plaintiffs' claims against MVSC, while retaining jurisdiction over the declaratory judgment action against Lamorak. Lamorak contends that "[i]t is patently clear that the fraudulent misjoinder of Lamorak was an artifice intended to defeat federal removal jurisdiction so that plaintiffs, as a result of their apparent perceived bias, could enjoy Mississippi's plaintiff-friendly state court system." Doc. 28, p. 2. Plaintiffs flinch at this suggestion, contending that there is no proof of such, hastening to cite

a Sixth Circuit decision which, at least by implication, counsels against vituperative accusations of venue shopping—cautioning that the better practice is simply to lay out the facts. It is a fact that plaintiffs throughout the country who had never before heard of Jefferson County, Mississippi, were clustering there in search of jury munificence, and they did so with considerable success. Thus, this Court is not offended by the defendant's statement, nor will it in any way influence this Court's opinion regarding the matters before it.

■ The doctrine of fraudulent or procedural misjoinder, which was first recognized by the Eleventh Circuit in Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1360 (11th Cir. 1996), abrogated on other grounds, Cohen v. Office Depot, Inc., 204 F.3d 1069 (11th Cir. 2000), is relatively new to our removal jurisprudence with little in the way of interpretive guidance from the Fifth Circuit. Nonetheless, "most district courts within this circuit have taken the position that the Fifth Circuit has adopted, or at least appears to have adopted, Tapscott." Palermo v. Letourneau Tech., Inc., 542 F.Supp.2d 499, 515 (S.D. Miss. 2008) (collecting cases). When considering whether claims or parties have been fraudulently misjoined to evade federal jurisdiction, the Court applies a "fraudulent joinder-like" approach:

> Removal and severance will be allowed only if claims were improperly joined under state law at the action's inception. The standard also protects both the right of a plaintiff to choose his own forum and the right of a defendant to remove to a federal forum when faced with misjoinder in the state court. As long as there is a reasonable possibility that the state court would find joinder proper, the plaintiff's right to a state forum prevails, but if there is no reasonable possibility that the state court

would find joinder proper, the defendant is entitled to removal and severance. Under this standard, the lack of a reasonable possibility that the state court would allow the joinder renders the claims or parties "fraudulently misjoined."

Id. at 523–24. "To constitute fraudulent misjoinder, the misjoinder must represent totally unsupported, or egregious misjoinder." Tri–Miss Services, Inc. v. Fairley, 2012 WL 5611058, at *3 (S.D. Miss. Nov. 15, 2012) (quoting Sweeney v. Sherwin Williams Co., 304 F.Supp.2d 868, 875 (S.D. Miss. 2004)). Applying this "fraudulent joinder-like" standard, the Court considers whether, based on the facts and circumstances at issue, there is a reasonable possibility that a Mississippi court would find that the plaintiffs' declaratory judgment claim against Lamorak was properly joined with its tort claims against MVSC.

 Mississippi Rule of Civil Procedure 20 guides the Court's analysis.[1] Id. at 517. Under Rule 20, separate causes of action against separate parties may not be joined unless (1) the right to relief arises out of the same transaction, occurrence, or series of transactions or occurrences, and (2) a question of law or fact common to all defendants will arise in the action. Miss. R. Civ. P. 20(a). For joinder to be proper, both prongs of Rule 20 must be satisfied, and there must be a "distinct and litigable event linking the parties." Hegwood v. Williamson, 949 So.2d 728, 730 (Miss. 2007). To determine whether a distinct and litigable event linking the parties exists, the Court considers

whether a finding of liability for one plaintiff essentially establishes a finding for all plaintiffs, indicating that proof common to all plaintiffs is significant. The appropriateness of joinder decreases as the need for additional proof increases. If plaintiffs allege a single, primary wrongful act, the proof will be common to all plaintiffs; however separate proof will be required where there are several wrongful acts by several different actors. The need for separate proof is lessened only where the different wrongful acts are similar in type and character and occur close in time and/or place.

Id. at 730 (citing Ill. Cent. R.R. v. Gregory, 912 So.2d 829, 834–35 (Miss. 2005)).

In Hegwood, the Mississippi Supreme Court considered whether claims against a defendant motorist and the defendant's liability insurer were properly joined under Rule 20. 949 So.2d 728. The case arose from an automobile accident involving the plaintiff, Williamson, and defendant, Hegwood. Id. at 730. Both motorists were insured by the same insurer, State Farm. Id. Following the accident, Williamson sued Hegwood for negligence and filed two claims with State Farm: a first-party claim for property damage and medical payments under her own policy, and a third-party claim for bodily injury and medical expenses under the defendant's policy. Id. State Farm assigned one adjuster to each of Williamson's claims, and as a result of an alleged disclosure made by one adjuster to the other, Williamson joined claims against State Farm for breach of

---

1. Despite the plaintiffs' contention that joinder is proper under Mississippi Rule of Civil Procedure 19, courts within this circuit have consistently analyzed fraudulent misjoinder under the confines of Rule 20. Furthermore, it appears that the plaintiffs' state court motion for joinder of Lamorak would be more appropriate under Rule 20. See Coats v. City of Yazoo City, 562 So.2d 64 (Miss. 1990) ("Rule 19 is an exception to the general practice of giving the plaintiff the right to decide who shall be parties to a lawsuit."); Kiddy v. Lipscomb, 628 So.2d 1355, 1357 (Miss. 1993) (noting that plaintiff's request for joinder of a defendant under Rule 19 "probably should have been granted instead under Rule 20").

contract and bad faith in his suit against Hegwood. Id. In examining the propriety of joinder of under Rule 20, the Court found that Williamson's claims against State Farm and Hegwood involved distinct litigable events, presenting "different factual issues and different legal issues." Id. Further, the Court observed that "the car accident raise[d] fact issues of how the accident occurred and legal issues of simple negligence," while the "breach of contract and bad faith claims raise[d] fact issues of what occurred between the two insurance adjusters and how they made their decisions and legal issues of interpretation of insurance policies and bad faith ...." Id. Finding that neither prong of Rule 20 had been satisfied, the Court concluded that the negligence claim against the defendant should be severed from the breach of contract and bad faith claims against State Farm. Id. at 731.

Since its release, several district courts have relied on Hegwood to support finding contract and tort claims to be fraudulently misjoined in the insurance context. See Cartwright v. State Farm Mutual Auto. Ins. Co., 2014 WL 6959045 (N.D. Miss. Dec. 8, 2014) (finding that plaintiff's negligence claim against tortfeasor was fraudulently misjoined with claims against plaintiff's uninsured motorist carrier); Tri–Miss Services., Inc. v. Fairley, 2012 WL 5611058 (S.D. Miss. Nov. 15, 2012) (finding that claims of embezzlement and conversion against tortfeasors were fraudulently misjoined with claims of breach of contract and bad faith against plaintiff's insurer); Bishop v. Sturdivant, 2010 WL 3122251 (S.D. Miss. Aug. 6, 2010) (finding that defective construction claims against defendant contractor were fraudulently misjoined with breach of contract and bad faith claims against plaintiffs' insurer). Relying on Hegwood and its progeny, Lamorak argues that the plaintiffs' claims have been similarly misjoined here because the

tort claims against MVSC arise from distinct litigable events and share no common questions of law or fact with the declaratory judgment claim against Lamorak.

■ The plaintiffs, on the other hand, maintain that joinder of their claims comports with Mississippi Rule of Civil Procedure 57 and Lewis v. Allstate, 730 So.2d 65 (Miss. 1998). In Lewis, the Mississippi Supreme Court observed in dicta that an injured party may bring a declaratory judgment action against a defendant tortfeasor's insurance carrier to determine coverage in an underlying tort suit:

> We take this opportunity to state that if an insurance company can conduct a declaratory action regarding coverage prior to resolution of an underlying wrongful death trial, then the insureds and third party beneficiaries should be able to raise the coverage question in the underlying lawsuit as well. Pursuant to our rules of civil procedure, a hearing to determine coverage may be conducted if necessary. See Miss. R. Civ. P. 57 cmt. (recognizing that a plaintiff may ask for declaratory judgment either as his sole relief or in addition or auxiliary to other relief). Such reviews of insurance contracts do not involve the jury and are often cursory. Accordingly, if a question of insurance coverage exists, a party should be able to bring the insurer into a lawsuit and have the coverage question resolved by the judge.

Lewis, 730 So.2d at 71. Following Lewis, Rule 57 was amended to permit direct declaratory judgment actions against an insurer. Boteler v. Pleko Southeast Corp., 2006 WL 1364387, at *3 (S.D. Miss. May 16, 2006). Rule 57(b)(2) now provides that "[w]here an insurer has denied or indicated that it may deny that a contract covers a party's claim against an insured, that party may seek a declaratory judgment

construing the contract to cover the claim." Miss. R. Civ. P. 57(b)(2); see Poindexter v. S. United Fire Ins. Co., 838 So.2d 964, 967 (Miss. 2003) (noting that amended Rule 57 "allows an injured party to seek a declaratory judgment establishing coverage, where the insurance company has indicated it may deny coverage of the claim"); Mercer v. Moody, 918 So.2d 664 (Miss. 2005) ("Rule 57 only allows [plaintiff] to seek a declaratory judgment against an insurer when coverage is in doubt").[2] Consequently, direct actions against insurance companies by third parties are now permitted under Mississippi law for the limited purpose of seeking declaratory judgment on the question of coverage. See Allstate Insurance Co. v. Scarbrough, 2017 WL 1787496, at *2 n.3 (N.D. Miss. May 2, 2017). And in light of Lewis, it appears that a plaintiff may properly join a declaratory judgment action to determine coverage in his underlying wrongful death suit, so long as both prongs of Rule 20 are satisfied. See Mercer, 918 So.2d at 664; see also Johnson v. Great American Ins. Co., 213 F.Supp.2d 657, 661 (S.D. Miss. 2001) ("a party seeking an adjudication of insurance coverage via declaratory judgment is not required to await the conclusion of the underlying litigation to assert his claim").

In Mercer, the Mississippi Supreme Court examined Rule 20 to determine whether a motorist's claim against an insurer for declaratory judgment was properly joined in his underlying negligence action. Id. The plaintiff, Moody, was driving his employer's dump truck when he collided with a calf owned by Mercer. Id. at 666. Moody brought a negligence action against Mercer and sued Mercer's insurer, State Farm, seeking a declaration of cov-

erage. Id. Moody also sued Brierfield, his employer's workers' compensation insurance carrier, for a declaration regarding Brierfield's statutory lien which arose from its payment of worker's compensation benefits to Moody. Id. In considering whether Moody's claims against Brierfield and Mercer were properly joined in the same action, the Court held that Rule 20's "same transaction or occurrence" requirement was satisfied because "any potential claims Moody had against either Mercer or Brierfield arose out of one distinct event, the accident of March 14, 2001." Id. at 667. However, the Court found the "common issue of law or fact" prong to be lacking because Brierfield had admitted coverage and paid Moody for his losses. Id. at 668. Though the Court ultimately found joinder to be improper because coverage was undisputed, the Mercer decision does lend credence to the Court's earlier observation in Lewis by signaling that joinder could be proper in factually similar cases where coverage is in doubt.

Based on Rule 57, Lewis, and Mercer, the district court in Boteler v. Pleko Southeast Corp., 2006 WL 1364387 (S.D. Miss. May 16, 2006), concluded that it was unable to find that claims for damages against certain insured defendants were "misjoined, much less egregiously misjoined," with a declaratory judgment action against the defendants' insurers for a coverage determination for the plaintiffs' claims against the insured defendants. Id. at *5. The Boteler court

acknowledged that Rule 57's recognition that an injured party may sue his tortfeasor's insurer for a declaratory judgment on coverage does not necessarily mean that such a claim is properly joined with the plaintiff's claim against

---

2. Lamorak clearly denies coverage of the claim. See Doc. 28, p. 8. According to Lamorak, the policy at issue excludes coverage "for claims for injuries caused by MVSC's products or failure to warn of dangers to those products." Doc. 14, p. 5.

the tortfeasor. However, the court found that joinder is allowed by Lewis. Palermo, 542 F.Supp.2d at 521 (discussing Boteler and related cases). Declining to adopt a theory of fraudulent misjoinder, the court denied the insurer defendants' motion to sever and remanded the action to state court. Boteler, 2006 WL 1364387 at *6.

Although Lewis, Mercer, and Boteler predate Hegwood and its call for a "distinct and litigable event linking the parties," Hegwood did not address Lewis, Mercer, or permissive joinder as it relates to declaratory judgment actions under Rule 57. While it is clear that Hegwood clarified and refined Mississippi's permissive joinder standard under Rule 20, nothing in Hegwood appears to retract from the Court's earlier observations in Lewis regarding the potential for joinder of declaratory judgment actions to determine insurance coverage in the underlying suit. Despite Lamorak's contention that the Mississippi Supreme Court's finding of improper joinder in Hegwood necessitates finding misjoinder in this case, the Court finds that Hegwood and the other cases cited by the defendant are factually distinguishable from the case sub judice. Nonetheless, Hegwood's application of Rule 20 is relevant insofar as it relates to the Court's fraudulent misjoinder analysis. See Hegwood, 949 So.2d at 730 ("cases involving a question of the propriety of Rule 20(a) joinder are reviewed on a case by case basis").

Applying Rule 20 to the facts of this case, the Court declines to adopt Lamorak's fraudulent misjoinder theory. The plaintiffs' claims against both defendants arise from a distinct litigable event, i.e. Rivers Sampson's use of, and exposure to, Mississippi Valley Silica sand. While the declaratory judgment action may present different legal questions as it relates to

Lamorak's policy and potential coverage of MVSC, all claims present factual issues regarding when and how Rivers Sampson's silicosis occurred and MVSC's liability associated therewith, such that all claims will likely involve some similar and overlapping proof. Though the Court acknowledges that the procedural posture of this case is unusual inasmuch as the plaintiffs have set out to join Lamorak and the declaratory judgment action only after obtaining a jury verdict in their favor on the underlying tort claims, Rule 57, along with Lewis and its successors, contemplates that plaintiffs, like the Sampsons, may join a coverage dispute prior to the resolution of the underlying tort action. While the clear purpose to be served by this procedure is the promotion of efficiency prior to trial, it is less clear as to whether the Court would extend this procedural mechanism to allow injured third parties to join the alleged tortfeasor's insurer *after* a jury verdict is returned on the underlying claim. Nonetheless, it is reasonably possible that the state court could order a separate hearing to resolve the coverage dispute without actually severing the plaintiffs' claims. Because there is some reasonable possibility that the state court would find joinder to be proper, the Court is unwilling to conclude that the plaintiffs' claims are misjoined, much less egregiously misjoined, so as to warrant severance.

### B. Timeliness of Removal

█ In moving to remand, the plaintiffs argue that Lamorak's removal is untimely because more than one year has passed since the action was commenced in state court. The removal procedure is governed by 28 U.S.C. § 1446, which requires removing defendants to file a notice of removal within 30 days after receipt of the initial pleading. See § 1446(b). For actions that are not initially removable, defendants may file a notice of removal within 30 days

after receipt of the "pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." § 1446(b)(3). However, "a case may not be removed under subsection (b)(3) on the basis of [diversity jurisdiction] more than 1 year after commencement of the action, unless the Court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action." § 1446(c)(1). Because the case was not initially removable when filed, the one-year limitation set forth in Section 1446(c)(1) applies. The plaintiffs' original complaint was filed on October 21, 2014, and Lamorak's notice of removal was filed on March 2, 2017, more than one year after the action was commenced in state court. Thus, absent a finding of bad faith on the part of the plaintiffs, the one-year bar requires remand.[3]

The one-year limitation on diversity actions was enacted to "reduc[e] the opportunity for removal after substantial progress has been made in state court." N.Y. Life Ins. Co. v. Deshotel, 142 F.3d 873, 886 (5th Cir. 1998) (quoting H.R. Rep. No. 100–889 (1988), reprinted in 1988 U.S.C.C.A.N. 5982, 6031–6034). In 2011, the removal statute was amended to include the bad faith exception to the one-year bar, which essentially codified the equitable tolling principle previously recognized by the Fifth Circuit in Tedford v. Warner–Lambert Co., 327 F.3d 423 (5th Cir. 2003). See Bryson v. Wells Fargo Bank N.A., 2016 WL 1305846, at *4 (E.D. Tex. Mar. 31, 2016) (citing Pub. L. No. 112–63, 125 Stat. 758 (2011)). The Fifth Circuit has not defined "bad faith" in the context of

§ 1446(c), but courts within the circuit have opined that the standard for showing bad faith is comparable to the legal standard for establishing equitable tolling under Tedford. Lujan v. Alorica, Inc., 2016 WL 8857008, at *9 n.6 (W.D. Tex. May 24, 2016) (citing Day v. W. World Ins. Co., 2014 WL 4373301, at *4 (M.D. La. Sept. 3, 2014)); see also Kidwai v. Fed. Nat. Mortg. Ass'n, 2014 WL 252026, at *2 (W.D. Tex. Jan. 22, 2014) ("Conduct rises to the level of 'bad faith' when a party makes a 'transparent attempt to avoid federal jurisdiction'."). Thus, it appears that Tedford remains instructive insofar as it provides a benchmark by which to judge whether Plaintiffs' conduct rises to the level of bad faith justifying an exception to the one-year bar.

In Tedford, the Fifth Circuit held that "[w]here a plaintiff has attempted to manipulate the statutory rules for determining federal removal jurisdiction, thereby preventing the defendant from exercising its rights, equity may require that the one-year limit in § 1446(b) be extended." 327 F.3d at 428–29. In that case, Tedford and another plaintiff filed a complaint in state court naming two defendants, Warner–Lambert and a non-diverse physician. Id. at 424–25. The plaintiffs filed the complaint against both defendants "despite the fact that neither plaintiff could state a cognizable claim under [state] law against the sole non-diverse defendant." Id. at 427. The state court severed Tedford's claims and transferred her suit to another venue. Id at 425. Before the court's order was entered, Warner–Lambert informed Tedford that it intended to remove the suit to

---

3. MVSC appears to suggest that Lamorak should be exempt from the one-year bar because the defendant was not joined until more than year after the original complaint was filed. See Doc. 29, p. 2, ¶ 3. The Court finds this argument to be unpersuasive. See

McGraw v. Lone Star Indus., Inc., 2012 WL 5286963, at *2 (S.D. Miss. Oct. 24, 2012) (remanding based on one-year bar where removing defendants were joined more than one year after commencement of action in state court).

federal court on the basis of diversity jurisdiction because the physician was not a proper defendant. Id. A mere three hours after learning of Warner–Lambert's intent to remove, Tedford amended her complaint to add her own physician, DeLuca, as a defendant. Id. Without taking discovery, Tedford subsequently signed and post-dated a notice of non-suit as to DeLuca before the one-year removal period expired. Id. at 425, 428. But the plaintiff did not file the document with the court or notify Warner–Lambert until after the one-year anniversary of the commencement of her action. Id. Finding that Tedford had clearly attempted to manipulate federal removal jurisdiction, the Fifth Circuit affirmed the denial of Tedford's motion to remand. Id. at 428–29.

Here, Lamorak argues that removal is proper under the bad faith exception to the one-year bar because the plaintiffs have similarly attempted to manipulate federal removal jurisdiction by filing a separate and distinct declaratory judgment action against the defendant after obtaining a jury verdict against MVSC in state court. The plaintiffs, on the other hand, maintain that the facts and procedural posture of the case, rather than bad faith, were the driving forces behind their decision to join Lamorak. After learning that Lamorak was MVSC's only carrier for liability coverage on "the eve of trial," the plaintiffs allegedly decided to "file the declaratory judgment action when and if the jury returned a verdict" in their favor.[4] According to the plaintiffs, the decision to join the declaratory judgment action after the jury verdict "is not evidence of manipulation or fraud to prevent removal. It is evidence of diligence in waiting to determine whether a declaratory judgment action would be necessary to collect on the verdict returned by the jury." Doc. 19, pp. 3–4.

Based on the facts, the Court is unconvinced that the bad faith exception set forth in § 1446(c)(1) should apply. The underlying wrongful death action, which was filed on October 20, 2014, did not become removable until almost one year after the action was commenced in state court. See Doc. 19, p. 1; Sampson v. Pangborn Corp., 2015 WL 5971254 (S.D. Miss. Oct. 14, 2015) (remanding despite defendants' contention that case became removable on August 7, 2015). If the declaratory judgment action against Lamorak had been joined initially, removal would have been unavailable based on the presence of non-diverse defendants. There is no indication that the plaintiffs acted in bad faith by maintaining suit against the non-diverse defendants during this period of time, nor is there any evidence to support that the plaintiffs engaged in an apparent attempt to avoid federal jurisdiction after the non-diverse defendants were dismissed. After the non-diverse defendants were dismissed, MVSC and the remaining diverse defendants attempted to remove on September 3, 2015. Yet, removal was procedurally improper because not all defendants provided consent. See Sampson, 2015 WL 5971254 at *1. Thus, even if Lamorak had been served and joined in MVSC's initial removal petition, removal would still have been improper at that time based on the rule of unanimity. See id. Although Lamorak was joined in this action after the one-year removal period ended, it does not necessarily follow that the

---

4. Lamorak disagrees with this contention, arguing instead that the plaintiffs knew of Lamorak's potential coverage dispute well in advance of trial based on the insurer's participation in another case involving similar coverage issues with MVSC. See OneBeacon American Insurance Company v. Dorothy Barnett, No. 3:14–cv–41–HTW–LRA, consolidated with No. 3:14–cv–125–CWR–LRA.

defendant's late joinder was performed in bad faith to manipulate the federal removal rules. Based on the facts and procedural history of this case, the Court cannot conclude that the plaintiffs' late joinder of Lamorak was orchestrated in bad faith to defeat removal. Removal is therefore untimely under § 1446(c)(1), and the case shall be remanded to the Circuit Court of Jefferson County.

Accordingly,

IT IS HEREBY ORDERED AND ADJUDGED that the plaintiffs' Motion to Remand (docket entry 18) is GRANTED;

IT IS FURTHER ORDERED that defendant Lamorak's Motion to Dismiss (docket entry 13) is MOOT.

A separate order of remand transferring the above styled and numbered cause to the Circuit Court of Jefferson County shall issue this day.

SO ORDERED AND ADJUDGED, this the 18th day of July, 2017.

