## IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2005-IA-02194-SCT

*ANSLEY RAGAN HEGWOOD*

*v.*

*MINDY DAWN WILLIAMSON*

| | |
|---|---|
| DATE OF JUDGMENT: | 11/02/2005 |
| TRIAL JUDGE: | HON. WINSTON L. KIDD |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | JEREMY T. HUTTO |
| | PHILIP W. GAINES |
| ATTORNEY FOR APPELLEE: | CURT CROWLEY |
| NATURE OF THE CASE: | CIVIL - OTHER |
| DISPOSITION: | REVERSED AND REMANDED - 01/04/2007 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WALLER, PRESIDING JUSTICE, FOR THE COURT:**

¶1.     After an automobile accident with Ansley Ragan Hegwood, Mindy Dawn Williamson sued Hegwood and her liability insurer, State Farm Mutual Automobile Insurance Company, in the Circuit Court of the First Judicial District of Hinds County.  At the completion of discovery, Hegwood filed a motion to sever Williamson's claims against Hegwood and State Farm; a hearing was held and the circuit court denied the motion without explanation.  We granted Hegwood permission to bring this appeal.  *See* M.R.A.P. 5.  The sole issue before us is whether the circuit court abused its discretion in denying Hegwood's motion to sever.

We find that the circuit court did abuse its discretion, reverse the order denying the motion to sever, and remand to the circuit court for further proceedings in accordance with this opinion.

**FACTS**

¶2.     Williamson alleges that Hegwood was at fault, and Hegwood alleges that Williamson was at fault.  Both of the women were insured by State Farm.  Hegwood had an automobile liability policy with State Farm, while Williamson had a comprehensive automobile policy with State Farm.  Since Hegwood's liability policy alone would not cover the entire amount of damages, Williamson filed two separate claims, one for property damage and medical payments under her policy with State Farm and a third-party claim for bodily injury and medical expenses under Hegwood's liability policy.

¶3.     State Farm  assigned two adjusters to the claims, one for each of Williamson's claims. Williamson alleges that the adjuster assigned to her first party contract claim told the adjuster assigned to her third party claim against Hegwood that Williamson admitted to being fifty percent at fault for the auto accident.  As a result, Williamson filed breach of contract and bad faith claims against State Farm.  Williamson denies ever making such a statement.

**DISCUSSION**

¶4.     Mississippi Rule of Civil Procedure 20(a) provides that "[a]ll persons may be joined in one action as Defendants if there is asserted against them jointly, severally, or in the alternative, any right to relief in respect of or arising out of the same transaction or occurrence, and if any question of law or fact common to all Defendants will arise in the

2

action." Both prongs of Rule 20(a) must be met in order to deny a motion for severance. *Wyeth-Ayerst Labs. v. Caldwell*, 905 So. 2d 1205, 1207 (Miss. 2005).

¶5. Rule 20 gives trial courts broad discretion in determining when and how to try claims. *Id.* Therefore, appellate courts review trial court decisions regarding venue and joinder for abuse of discretion. *Id.* Cases involving a question of the propriety of Rule 20(a) joinder are reviewed on a case by case basis. *Id.* Before an alleged "occurrence" will be sufficient to meet Rule 20(a)'s two factors, there must be a "distinct litigable event linking the parties." *Id.* at 1208. To determine if a distinct litigable event linking the parties exists, courts should consider:

> whether a finding of liability for one plaintiff essentially establishes a finding for all plaintiffs, indicating that proof common to all plaintiffs is significant. The appropriateness of joinder decreases as the need for additional proof increases. If plaintiffs allege a single, primary wrongful act, the proof will be common to all plaintiffs; however separate proof will be required where there are several wrongful acts by several different actors. The need for separate proof is lessened only where the different wrongful acts are similar in type and character and occur close in time and/or place.

*Ill. Cent. R.R. v. Gregory,* 912 So. 2d 829, 834-35 (Miss. 2005). Also, when determining if joinder is appropriate, it is important to consider whether the proof presented to the jury would be confusing due to the multiplicity of facts. *Caldwell*, 905 So. 2d at 1209.

¶6. We find that the circuit court should have severed the claims. The third party tort claim against Williamson and the first party breach of contract and bad faith claims involve distinct litigable events. The claims against Williamson and State Farm arise out of separate allegations of wrongdoing occurring at separate times. While it is true that the genesis of

both claims arose out of the accident, the two claims involve different factual issues and different legal issues. The car accident raises fact issues of how the accident occurred and legal issues of simple negligence (duty, breach of duty, proximate causation, and damages). The breach of contract and bad faith claims raise fact issues of what occurred between the two insurance adjusters and how they made their decisions and legal issues of interpretation of insurance policies and bad faith under which an award of punitive damages may or may not be appropriate. The negligence claim would be proven by different witnesses (the two drivers, eyewitnesses to the accident, law enforcement, and accident re-enactment experts) from that of the bad faith claim (insurance agents and management).

¶7.    More importantly, Rule 411 of the Mississippi Rules of Evidence provides that "[e]vidence that a person was or was not insured against liability is not admissible upon the issue whether he acted negligently or otherwise wrongfully." Hegwood would be prejudiced if the jury learned of her insurance coverage while it was deciding liability and damages. The fact that Hegwood had insurance may be relevant to Williamson's breach of contract and bad faith claims against State Farm. The comments to Rule 411 provide further elucidation:

> One of the primary reasons for excluding evidence of insurance or the lack of it is to prevent the jury from deciding the case on improper grounds. Rule 411 reflects existing Mississippi practice. Evidence of the existence of defendant's insurance is irrelevant as to his negligence and admissions of such evidence may be grounds for a mistrial. *See **Mid-Continent Aircraft Corp. v. Whitehead***, 357 So. 2d 122 (Miss. 1978); ***Petermann v. Gary***, 210 Miss. 438, 49 So. 2d 828 (1951).

M.R.E. 411 cmt.

¶8.     The comment to M.R.C.P. 42(b), dealing with bifurcation of trials, are in pertinent part as follows:

> A separate trial may also be ordered to avoid prejudice, as where evidence admissible only on a certain issue may prejudice a party in the minds of the jury on other issues. For example, this principle may be applied, and a separate trial ordered thought a single trial would otherwise be preferable, because in a single trial the jury would learn that defendant is insured. The possibility of such prejudice, however remote, justifies a separate trial if the issues are so unrelated that there is no advantage in trying them together.

M.R.C.P. 42 (c) cmt.

¶9.     Therefore, allowing Williamson to raise both claims in one trial is improper. Neither prong of Rule 20(a) is met, and Hegwood would be unduly prejudiced because, if the two claims were tried together, the fact that she had liability insurance would be placed squarely before the jury.

**CONCLUSION**

¶10.    We find that the trial court abused its discretion when it denied Hegwood's motion for severance. We reverse the circuit court's order denying Hegwood's motion for severance and remand this case to the circuit court for further proceedings in accordance with this opinion.

¶11.    **REVERSED AND REMANDED.**

**SMITH, C.J., COBB, P.J., EASLEY, CARLSON, DICKINSON AND RANDOLPH, JJ., CONCUR. DIAZ AND GRAVES, JJ., DISSENT WITHOUT SEPARATE WRITTEN OPINION.**