MAXWELL, J.,
for the Court:
■ ¶ 1. A judge sitting in a bench trial should grant a defendant’s motion for an involuntary dismissal at the close of a plaintiffs case'if, after viewing the evidence fairly, the judge would find for the defendant. That" is exactly what happened here. The trial judge dismissed All Types Track ’ Sales Inc.’s negligence claims against Carter & Mullings Incorporated (Carter) — a construction company tasked with widening the public roadway where All Types’ business was located. We find no manifest error in the trial judge’s dismissal.
¶ 2. We also find no abuse of discretion in the trial judge’s denial of a pretrial permissive-joinder motion, in which All Types, a now-dissolved corporation, sought to join its sole owner, William Joleff, as a plaintiff. Permissive joinder is a procedural device to. prevent multiple lawsuits. It does not confer substantive rights.. Be *757 cause Joleff failed to assert his personal claims against Carter within the three-year statute of limitations, we find the trial judge properly denied Joleff the procedural use of joinder to gain a substantive right he had long since waived.
¶ 3. We affirm.
Facts and Procedural History
¶4. In 1996, Joleff incorporated All Types, a business selling and servicing commercial trucks and tractors. Joleff was the sole owner and .officer of All Types, which was located on Dedeaux Road in Gulfport, Mississippi, on a piece of property Joleff owned individually.
¶5. From October 1998 to April 2004, the City of Gulfport carried out a project to widen' Dedeaux Road along the stretch where All Types was located. The City obtained a temporary easement- outside of All Types’ fence during construction. Carter was the general contractor, hiring REO Contracting Company Inc. as a' subcontractor. According to All Types, REO and Carter blocked its sole entrance to its business multiple times and constructed a “hump” that made it difficult for commercial trucks to enter and exit the property.
¶ 6. All Types sued REO and Carter in November 2001, claiming they negligently disrupted its business and this disruption led to decreased sales, loss in customers, and ultimately the close of the business. All Types also brought intentional-tort and breach-of-contract claims. All Types was unable to serve REO with process, making Carter the only defendant. .
¶7. In October 2004, All Types filed- a motion under Mississippi Rule of Civil Procedure 25 to substitute Joleff-as the plaintiff because All Types had dissolved- as a corporation since filing its complaint. The trial judge entered an agreed order denying the motion. In April-2008, All Types filed a motion under Mississippi Rule'of Civil Procedure 20(a) to join Joleff as a plaintiff,. so that he could bring his claim that Carter’s negligence led to the devaluation of his property. The trial judge denied this motion in August 2008, the same time he granted Carter’s motion for summary judgment in its favor on All Types’ intentional-tort and breaeh-of-con-tract claims.
¶ 8. With only the negligence claims remaining, the parties agreed to a bench trial, .which was held in June 2010. Joleff and former All Types employee Tamara Fisher testified for All Types. The parties then agreed to allow Carter’s accounting, expert to testify out of turn. Finally, All Types called Carter’s project manager for , the Dedeaux Road project. After All Types rested, Carter moved for a directed verdict, which the trial judge correctly identified as a motion for involuntary dismissal under Mississippi Rule of Civil Procedure 41(b). After considering the evidence fairly, the trial judge sustained Carter’s motion and dismissed All Types’ claims.
¶ 9. All Types filed a motion for reconsideration — but not within ten days of the entry of judgment, which would have extended the time to appeal to the disposition of the motion. See M.R.A.P. 4(d). Though All Types was eventually denied reconsideration, to preserve its right to appeal the underlying judgment, All Types filed a notice of appeal while the reconsideration' motion was still pending, within thirty days of the judgment involuntarily dismissing its claims. See M.R.A.P. 4(a). We now turn to this judgment.
Discussion
¶ 10. ■ All Types appeals both the grant of an involuntary dismissal and the denial of its permissive-joinder motion.
*758 I. Involuntary Dismissal
¶ 11. In appealing the trial judge’s judgment of dismissal, All Types confuses the- standard for a trial court’s grant — and this court’s review — of an involuntary dismissal under Rule 41(b). While All Types challenges the involuntary, dismissal .of its claims under Rule. 41(b), it .erroneously frames the dismissal as a “directed verdict,” which it asks we review de novo.
A. Standard for Directed Verdict
¶ 12. Mississippi Rule of Civil Procedure 50(a), which governs directed verdicts, applies to jwry trials, where the judge is not the fact-finder. When considering .a Rule 50(a) motion for directed verdict, the trial judge in a jury trial “must consider the'evideneo before it at that time in the light most favorable to the plaintiff, giving the plaintiff the benefit of all favorable inferences that reasonably may be drawn from that evidence.” Partain v. Sta-Home Health Agency of Jackson, Inc., 904 So.2d 1112, 1116 (¶7) (Miss.Ct.App.2004) (citing Benjamin v. Hooper Elec. Supply Co., 568 So.2d 1182, 1187 (Miss.1990)). “[T]he trial court may grant a directed verdict for the defendant at the close of the plaintiffs case if, in the opinion of the court, the plaintiff has failed to present-credible- evidence establishing the necessary, elements ,of his-or her right to recover.” Id. “Only, when viewed in the light most favorable to the plaintiff, should the court determine, that the matter is so overwhelmingly in favor of the defendant that.no reasonable juror could find for. the plaintiff, should the court direct a defendant’s verdict." Id. We review a grant, of a directed verdict de novo. Id. at (¶6).
B. Standard for Involuntary Dismissal
¶ 13. In contrast, Rule 41(b) addresses involuntary dismissals. This rule applies in “action[s] tried by the court •without a jury;” where the judge is also the fact-finder..-..Trial judges utilize a different standard when contemplating an involuntary dismissal at a bench trial, as compared to a directed verdict at a jury trial. “A judge should,grant a motion for involuntary dismissal if, after viewing the evidence fairly, rather than in the light most favorable to the plaintiff, the judge would find for the defendant.” Gulfport-Biloxi Reg’l Airport Auth. v. Montclair Travel Agency, Inc., 937 So.2d 1000, 1004 (¶ 13) (Miss.Ct.App.2006). “The court must deny a motion to dismiss only if the judge- would be obliged to find for the plaintiff if the plaintiffs evidence were all the evidence offered iñ the case.” Id. at 1004-05 (¶ 13) (quoting Stewart v. Merchs. Nat’l Bank, 700 So.2d 255, 259 (Miss.1997)). Appellate courts also employ a more deferential standard of review when considering, involuntary dismissals than when reviewing grants of directed verdicts. Our review is not de novo, as All Types suggests.- Instead, under - Rule 41(b), involuntary dismissals are reviewed under the more deferential substantial-evidence/manifest-error standard. Id.
'¶14. All Types argues the trial judge erred because he failed to view its evidence in the light most favorable to it. All Types claims the judge inappropriately weighed ffoleff s ■ credibility' based on the conflicts' between Joleffs trial testimony and his prior deposition testimony. All Types suggests that, viewing all the evidence in its favor, it mads a prima facie ease of negligence against Carter, making dismissal inappropriate. Were this a jury trial, with the trial judge evaluating a motion for directed verdict, All Types’ arguments would have some merit.- But since this was -a bench trial, the trial judge did not have to view the evidence in All Types’ favor, but instead faitly. See Gulfport-Biloxi Reg’l Airport Auth., 937 So.2d at 1004 (¶13). And we find no manifest error in the trial judge’s fair assessment of *759 the evidence at .the close of All Types’ case-in-chief — including his credibility assessment of Joleff s trial testimony.
¶15. To succeed on its negligence claim, All Types had to prove: “(1) the existence of a duty'to conform to a specific standard of conduct for the protection of others against the unreasonable risk of injury, (2) a breach of that duty, (3) causal relationship between the breach and alleged injury, and (4) injury or damages.” Donald v. Amoco Prod. Co., 735 So.2d 161, 174 (¶ 42) (Miss.1999) (quoting Meena v. Wilburn, 603 So.2d 866, 870 n. 5 (Miss.1992)), “The standard of care applicable in cases of alleged negligent conduct is whether the party charged with negligence acted as a reasonable and prudent person would have under the same or similar circumstances.” Id., at 175 (¶48) (citing Knapp v. Stanford, 392 So.2d 196, 199 (Miss.1980); Danner v. Mid-State Paving Co., 252 Miss. 776, 178 So.2d 608, 615 (1965)). Due to the scale of the Dedeaux Road widening project, Joleff admitted some obstruction to All Types’ business was to be expected, and thus, was not unreasonable. So the issue before the trial judge was whether Carter was negligent due to unreasonable interference with All Types’ business.
¶ 16. According to the trial judge’s assessment of the evidence, All Types failed to establish that Carter’s interference with All Types’ business was unreasonable.' Jo-toff’s trial testimony-given a decade after’ the road construction was completed — that Carter blocked All Types’ entrance every day conflicted with his prior testimony that Carter blocked its entrance only about thirty. times during the year-and-a-half project.
¶ 17. Further, regardless of whether Carter’s interference was unreasonable, the trial judge found no evidence to support All Types’, claim that Carter’s interference proximately caused financial loss to the company. See Glover ex rel. Glover v. Jackson State Univ., 968 So.2d 1267, 1277 (1¶ 31-82) (Miss.2007) (defining proximate causation as when a negligent act is both the cause in fact — “that cause which, in natural and continuous sequence unbroken by any efficient intervening cause, produces the injury and without which the injury would not have occurred” — and the legal cause of the injury (quoting Gulledge v. Shaw, 880 So.2d 288, 293 (¶ 11) (Miss.2004))). All Types’ .tax records were introduced into evidence. And the court had heard from Carter’s accounting expert. Viewing this evidence fairPy, as required under Rule 41(b), the trial judge found All Types had failed to establish a causal link between Carter’s. actions and All Types’ declining profitability.
¶ 18. .‘Because we find no manifest error in the trial judge’s assessment of the evidence at the close of All Types’ case-ih-ehief, we affirm the judgment granting an involuntary dismissal.
II. Permissive Joinder
¶ 19. Since we find All Types’ claims were properly dismissed, to the extent All Types argues that the trial judge should have granted its motion to substitute Joleff as plaintiff under Mississippi Rule of Civil Procedure 25(c), we find this issue moot. The claims against Carter relating to the road-widening project were properly dismissed regardless of whether All Types or Joleff was the “real party in interest” under Mississippi Rule of Civil Procedure 17(a). See M.R.C.P. 17(a). cmt. (“[T]he modern function of [Rule. 17(a) ] ,, is simply to protect the defendant against a subsequent action by the party actually entitled to recover, and to ensure generally that the judgment will have its proper effect as res judicata.”)..
*760 ¶20. To the extent All Types argues Joleff should have been permitted to join All Types’ suit as an additional (not merely a substitute) plaintiff, we find no abuse of discretion in the trial judge’s denial of All Types’ motion for permissive joinder under Mississippi Rule of Civil Procedure 20. See Hegwood v. Williamson, 949 So.2d 728, 730 (¶ 5) (Miss.2007) (reviewing trial court’s Rule 20-joinder decision for abuse of discretion).
¶ 21. “Rule 20 is merely a procedural devise and does not change the substantive rights of the parties.” 1 Jeffrey Jackson, Mississippi Civil Procedure § 6:20 (2012 ed.). “The purpose of Rule 20 is to promote trial convenience ánd expedite the final determination of disputes, thereby preventing multiple law suits[,] ... [by] simply' establishing] a procedure under which several parties’ demands arising put of the same litigable event may be tried together[.]” M.R.C.P. 20(a) cmt.
¶ 22. Under Rule 20(a):
All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will, arise in the action.
All Types argues Joleff s claim against Carter regarding the loss in value of his real property on Dedeaux Road meets the two-prongs of Rule 20(a) because it relates to the same occurrence and shares some common questions of fact and law. But All Types overlooks the fact Joleff failed to timely assert his claims. “Rule 20(a)- imposes two specific requisites to the joinder of parties,” the first being that “a right to relief must be asserted by or against each plaintiff or defendant relating to or arising out of the same transaction, occurrence, or the same series of transactions or occur-renees[.]’! M.R.C.P. 20(a) cmt. (emphasis added). Here, Joleff failed to assert a right to relief against Carter before the three-year statute of limitations had run. When All Types filed its 2007 joinder motion, Joleff no longer had a viable claim against Carter. And the trial judge correctly refused Joleff the use of the procedure of Rule 20(a) to resurrect his claim.
¶ 23. ’ Given the trial judge’s “broad discretion” under Rule 20(a), Hegwood, 949 So.2d at 730 (¶ 5), we find no error in his determination that All Types’ joinder motion would not promote the convenience and expedience of this lawsuit. See M.R.C.P. 20(a) cmt.
¶ 24. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT IS, AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, ROBERTS, RUSSELL AND FAIR, JJ., CONCUR. CARLTON, J., NOT PARTICIPATING.