# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2023-IA-00332-SCT

*RICHARD A. FREESE, TIM GOSS, SWEET AND
FREESE, PLLC, FREESE & GOSS, PLLC,
SHEILA M. BOSSIER AND BOSSIER AND
ASSOCIATES, PLLC*

*v.*

*ESTATE OF JAMES ALFORD*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/27/2023 |
| TRIAL JUDGE: | HON. STEVE S. RATCLIFF, III |
| TRIAL COURT ATTORNEYS: | SHANE F. LANGSTON |
| | DREW McLEMORE MARTIN |
| | R. DAVID KAUFMAN |
| | JEFFREY M. TILLOTSON |
| | DENNIS C. SWEET, III |
| | ROBERT RICHARD CIRILLI, JR. |
| | ANSELM J. McLAURIN |
| | REBECCA M. LANGSTON |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | CHRISTOPHER DANIEL MEYER |
| | JOSHUA WAYNE STOVER |
| ATTORNEYS FOR APPELLEE: | CHUCK McRAE |
| | MICHELE DAWN BIEGEL |
| | ANNETTE ELISE BULGER MATHIS |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED AND REMANDED - 05/29/2025 |
| MOTION FOR REHEARING FILED: | |

## CONSOLIDATED WITH

## NO. 2023-IA-00333-SCT

*RICHARD A. FREESE, TIM GOSS, SWEET &*
*FREESE PLLC, FREESE AND GOSS, PLLC,*
*SHELIA M. BOSSIER, AND BOSSIER AND*
*ASSOCIATES, PLLC*

**v.**

*EDWRICK WILSON, BETTY REYES, AND ELLA*
*KATE TAYLOR*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/27/2023 |
| TRIAL JUDGE: | HON. STEVE S. RATCLIFF, III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | CHRISTOPHER DANIEL MEYER |
| | JOSHUA WAYNE STOVER |
| ATTORNEYS FOR APPELLEES: | CHUCK McRAE |
| | MICHELE DAWN BIEGEL |
| | ANNETTE ELISE BULGER MATHIS |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED AND REMANDED - 05/29/2025 |
| MOTION FOR REHEARING FILED: | |

**CONSOLIDATED WITH**

**NO. 2023-IA-00335-SCT**

*RICHARD A. FREESE, TIM GOSS, SWEET &*
*FREESE PLLC, FREESE & GOSS PLLC, SHEILA*
*M. BOSSIER AND BOSSIER AND ASSOCIATES,*
*PLLC*

**v.**

*MARY E. HARTLEY, et al.*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/27/2023 |
| TRIAL JUDGE: | HON. STEVE S. RATCLIFF, III |
| COURT FROM WHICH APPEALED: | RANKIN COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | CHRISTOPHER DANIEL MEYER |
| | JOSHUA WAYNE STOVER |

ATTORNEYS FOR APPELLEES: CHUCK McRAE
MICHELE DAWN BIEGEL
ANNETTE ELISE BULGER MATHIS
NATURE OF THE CASE: CIVIL - CONTRACT
DISPOSITION: AFFIRMED AND REMANDED - 05/29/2025
MOTION FOR REHEARING FILED:


## CONSOLIDATED WITH

## NO. 2023-IA-00336-SCT

*RICHARD A. FREESE, TIM GOSS, SWEET &
FREESE, PLLC, FREESE & GOSS, PLLC,
SHEILA M. BOSSIER, AND BOSSIER AND
ASSOCIATES, PLLC*

**v.**

*MARY BRIDGES, CHARLES DIXON, SHEILA
GARY EVANS, BOBBY GORDON, JOHNNIE
GRIFFIN, CICILIA JEFFERSON, HUGH LEWIS,
ORA LEWIS, AND AMELIA WAY*

DATE OF JUDGMENT: 2/27/2023
TRIAL JUDGE: HON. STEVE S. RATCLIFF, III
COURT FROM WHICH APPEALED: RANKIN COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANTS: CHRISTOPHER DANIEL MEYER
JOSHUA WAYNE STOVER
ATTORNEYS FOR APPELLEES: CHUCK McRAE
MICHELE DAWN BIEGEL
ANNETTE ELISE BULGER MATHIS
NATURE OF THE CASE: CIVIL - CONTRACT
DISPOSITION: AFFIRMED AND REMANDED - 05/29/2025
MOTION FOR REHEARING FILED:


**BEFORE COLEMAN, P.J., MAXWELL AND BRANNING, JJ.**

**BRANNING, JUSTICE, FOR THE COURT:**

¶1.     The four consolidated cases before this Court on interlocutory appeal stem from claims filed by numerous Plaintiffs against Defendants—a law firm and its attorneys[1]—who represented Plaintiffs in mass-tort actions.  After obtaining settlements in these mass-tort actions, Plaintiffs filed suit against Defendants related to Defendants' handling and distribution of the settlement funds.  After years of litigation and jurisdictional conflicts, these four separate cases ultimately came before the Rankin County Circuit Court.

¶2.     The circuit court referred the cases to a special master on October 19, 2021.  In late 2022, the special master conducted hearings on various motions filed by the parties, including Plaintiffs' Motions to Consolidate, Defendants' Motions to Sever, and Defendants' Motions to Re-Open Discovery.  On December 19, 2022, the special master submitted his reports and recommendations, which the circuit court adopted by order on February 27, 2023. The special master's reports recommended granting the Plaintiffs' Motions to Consolidate and denying the Defendants' Motions to Sever and Motions to Re-Open Discovery.  The circuit court entered an order adopting the special master's recommendations. Defendants sought interlocutory appeals on all four cases, which we granted. We consolidated the appeals, and we now affirm the decisions of the trial court.  The case is remanded to the Rankin County Circuit Court for further proceedings.

---

[1] Defendants are as follows: Freese & Goss, PLLC; Richard A. Freese; Dennis C. Sweet, III; Tim K. Goss; Shelia M. Bossier; Bossier and Associates, PLLC; Sweet and Freese, PLLC; and Dennis C. Sweet, III, d/b/a Sweet and Associates, PLLC.

4

**FACTS AND PROCEDURAL HISTORY**

¶3.     Defendants in all four matters represented Plaintiffs[2] in mass-tort actions against the current and former owners of a manufacturing plant in Crystal Springs, Mississippi. Plaintiffs in each of the four cases before this Court are outlined as follows:

1.     *Alford* involves one Plaintiff, the Estate of James A. Alford, deceased.

2.     *Bridges* involves eight Plaintiffs: (1) Mary Bridges, (2) Charles Dixon, (3) Bobby Gordon, (4) Johnnie Griffin, (5) Hugh Lewis, (6) Ora Lewis, (7) Amelia Way, and (8) Cicilia Jefferson, Administratrix of the Estate of Robert Gary, deceased.

3.     *Wilson* involves three Plaintiffs: (1) Edwrick Wilson, (2) Betty Reyes, and (3) Ella Kate Taylor.

4.     *Hartley* involves 110 Plaintiffs.

¶4.     The *Alford*, *Wilson*, and *Hartley* Plaintiffs raised the following claims against Defendants: (1) breach of fiduciary duties; (2) tort of outrage/breach of attorney client contract; (3) reckless and fraudulent inducement; (4) wrongful conversion; (5) tortious interference with contract; (6) reckless indifference; (7) unjust enrichment; (8) bad faith; and (9) injunctive relief. The *Bridges* Plaintiffs raised the same nine claims but included one additional claim of civil conspiracy in their complaint.

¶5.     On October 19, 2021, the circuit court appointed a second special master to all four cases.[3] From August to November 2022, this special master conducted hearings on various

---

[2] Defendants represented more than three hundred Plaintiffs—including the Plaintiffs who are involved in the four cases before this Court today—in these mass-tort actions.

[3] This Court notes certain additional procedural facts that took place in the years leading up to October 19, 2021, as follows: The *Alford*, *Wilson*, and *Hartley* Plaintiffs first filed their Complaints in Rankin County Chancery Court in May 2014. Defendants filed

motions filed by the parties. The motions relevant to the current consolidated appeals include:

*Alford*: Plaintiffs' Motion to Consolidate (*Alford*, *Bridges*, and *Wilson*)
Defendants' Motion to Re-Open Discovery

*Bridges*: Plaintiffs' Motion to Consolidate (*Alford*, *Bridges*, and *Wilson*)
Defendants' Motion to Sever
Defendants' Motion to Re-Open Discovery

*Wilson*: Plaintiffs' Motion to Consolidate (*Alford*, *Bridges*, and *Wilson*)
Defendants' Motion to Sever
Defendants' Motion to Re-Open Discovery

*Hartley*: Defendants' Motion to Sever
Defendants' Motion to Re-Open Discovery

¶6. On December 19, 2022, the special master submitted his reports and recommendations for each of the four cases. The special master recommended that Plaintiffs' Motions to

---

motions to transfer the *Alford* and *Wilson* cases to circuit court, but the chancery court denied their motions in 2014. Following interlocutory appeals in 2015 on both cases, this Court ordered that the cases be transferred to the circuit court in December 2015. *See* En Banc Order, *Freese v. Alford*, No. 2014-IA-01303-SCT (Miss. Dec. 17, 2015); En Banc Order, *Freese v. Wilson,* No. 2014-IA-01577-SCT (Miss. Dec. 17, 2015). The *Hartley* Plaintiffs filed a motion to transfer their case to circuit court on August 2, 2016, and the chancery court granted this motion on August 19, 2016.

The *Bridges* Plaintiffs originally filed suit in the United States District Court for the Southern District of Mississippi in 2013. The district court dismissed the case for lack of subject-matter jurisdiction in September 2015, and the *Bridges* Plaintiffs refiled in Rankin County Circuit Court in 2016.

In August 2016, the circuit court appointed the first of two special masters in all four cases; the first special master ultimately stayed the cases until another case against Defendants was resolved. Following the resolution of this case in April 2018, the first special master withdrew from *Alford*, *Bridges*, *Wilson*, and *Hartley* in May 2018. The record reflects a series of motions filed by the parties and heard by the circuit court between May 2018 and October 19, 2021.

6

Consolidate *Alford*, *Bridges*, and *Wilson* be granted. He further recommended that the Defendants' Motions to Sever *Bridges*, *Wilson*, and *Hartley* be denied and that the Defendants' Motion to Re-Open Discovery in all four cases be denied. Defendants filed objections to the reports and recommendations, which were argued before the circuit court on February 1, 2023. On February 27, 2023, the circuit court issued orders in all four cases, adopting the special master's reports and recommendations. Aggrieved, Defendants filed a Petition for Interlocutory Appeal, which this Court granted.

**STANDARD OF REVIEW**

¶7. This Court gives broad discretion to trial courts when determining how and when its cases are tried under Mississippi Rules of Civil Procedure 20 and 42. *First Invs. Corp. v. Raynor*, 738 So. 2d 228, 238 (Miss. 1999). In doing so, we will not disturb a trial court's findings unless we determine that the trial court abused its discretion. *Hegwood v. Williamson*, 949 So. 2d 728, 730 (Miss. 2007) (citing *Wyeth-Ayerst Lab'ys v. Caldwell*, 905 So. 2d 1205, 1207 (Miss. 2005)). Also, we allow a trial court considerable discretion when ruling on discovery matters, and we decline to reverse the trial court's decision absent an abuse of that discretion. *Douglas v. Burley*, 134 So. 3d 692, 697 (Miss. 2012). Finally, we review denials of motions to sever for abuse of discretion. *Citifinancial, Inc. v. Moody*, 910 So. 2d 553, 554 (Miss. 2005).

## DISCUSSION

¶8.     In its final judgments on each case, the circuit court adopted the reports and recommendations of the special master, granting Plaintiffs' Motions to Consolidate *Alford*, *Bridges*, and *Wilson* and denying Defendants' Motions to Sever *Bridges*, *Wilson*, and *Hartley* and Defendants' Motions to Re-Open Discovery in all four cases. On interlocutory appeal, Defendants submit the following three questions before this Court:

1.     Did the circuit court erroneously grant Plaintiffs' Motions to Consolidate *Alford*, *Bridges* and *Wilson*?

2.     Did the circuit court erroneously deny Defendants' Motions to Sever *Bridges*, *Wilson*, and *Hartley*?

3.     Did the circuit court erroneously deny Defendants' Motions to Re-Open Discovery in all four cases?

**I.     Plaintiffs' Motions to Consolidate and Defendants' Motions to Sever**

¶9.     Defendants argue that the circuit court erroneously granted Plaintiffs' Motions to Consolidate in *Alford*, *Bridges* and *Wilson* pursuant to Mississippi Rules of Civil Procedure 20 and 42 and erroneously denied Defendants' Motions to Sever in *Bridges*, *Wilson*, and *Hartley* pursuant to Mississippi Rules of Civil Procedure 20 and 21. Our courts utilize the Mississippi Rules of Civil Procedure to provide equal parts justice, speed, and economy. M.R.C.P. 1. Both issues center around the balance of these three procedural values. Rule 20 involves the joinder of parties to avoid embarrassment, delay, or unnecessary expenses, while Rule 21 allows for the severance of parties or claims against a party "on such terms as are just." Rule 42 allows for the joining or severing of causes of action when necessary to

8

provide justice, speed, and/or economy. *See* M.R.C.P 42(a) (outlining the requirements for consolidation of cases "to avoid unnecessary costs or delay"); M.R.C.P. 42(b) (outlining the requirements for severance of cases "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy"). We analyze each of these Rules.

### a. Rule 20 Joinder of Parties

¶10. Rule 20(a) states, in relevant part, that:

> All persons may join in one action as plaintiffs if they assert any right to relief jointly, severally, or in the alternative in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences, and if any question of law or fact common to all these persons will arise in the action.

M.R.C.P. 20(a). "Rule 20 gives trial courts broad discretion in determining when and how to try claims." *Hegwood*, 949 So. 2d at 730 (citing *Caldwell*, 905 So. 2d at 1207). But this discretion is not unlimited. *Janssen Pharmaceutica, Inc. v. Armond*, 866 So. 2d 1092, 1096-97 (Miss. 2004). The advisory committee note to Rule 20 explains:

> Rule 20(a) imposes two specific requisites to the joinder of parties: (1) a right to relief must be asserted by or against each plaintiff or defendant relating to or arising out of the same transaction, occurrence, or the same series of transactions or occurrences; and (2) some question of law or fact common to all the parties will arise in the action. *Both of these requirements must be satisfied in order to sustain party joinder under Rule 20(a).*

M.R.C.P. 20 advisory comm. n. (emphasis added). This two-prong test helps to balance judicial efficiency with fairness to all parties. *Purdue Pharma, L.P. v. Est. of Heffner*, 904 So. 2d 100, 103 (Miss. 2004). Accordingly, courts must review matters involving Rule 20(a) joinder on a case-by-case basis. *Hegwood*, 949 So. 2d at 730. "Before an alleged

9

'occurrence' will be sufficient to meet Rule 20(a)'s two factors, there must be a 'distinct litigable event linking the parties.'" *Id.* (quoting *Caldwell*, 905 So. 2d at 1208). Courts must also consider whether the proof offered at trial would confuse the jury due to a multiplicity of facts. *Id.* at 731 (citing *Caldwell*, 905 So. 2d at 1209.)

¶11. Defendants first argue that the special master's reports and recommendations failed to address the facts and law. But Mississippi Rule of Civil Procedure 53(g) governs the parameters of a special master's report, stating that "*if required* to make findings of fact and conclusions of law, he shall set them forth in the report." M.R.C.P. 53(g)(1) (emphasis added). The trial court's Order Appointing Special Master issued no such requirement. Furthermore, Rule 53(g)(2) allows parties to submit written objections to a special master's report; if the parties submit written objections, the trial court must then conduct a hearing. *See Trovato v. Trovato*, 649 So. 2d 815, 820 (Miss. 1995) (finding that "Rule 53 contemplates the idea that if a party objects to the special master's report, the [trial judge] must in fact *hear* the objections and not merely sign off on the submitted report"). Once the trial court hears argument on the parties' objections, it "may adopt the report or modify it or may reject it in whole or in any part . . . ." M.R.C.P. 53(g)(2). The trial court sufficiently followed this procedure, adopting the special master's reports and recommendations in all three cases only after hearing the parties' objections in February 2023.

¶12. Defendants also contend that the special master granted Plaintiffs' Motions to Consolidate, even though he "unequivocally" stated at the November 2022 hearing that the matters "could not be consolidated without consent of the [Defendants]." The special master

10

did acknowledge in his reports and recommendations for all three cases that his "original inclination . . . was to deny joinder of these causes." But he admitted that "after an in-depth study of our Court's rulings and analysis of joinder in Mississippi, it appears that for the reasons delineated in Plaintiffs' brief[s]," he found joinder to be proper. The special master then stated his findings that Plaintiffs' claims (1) met all requirements and standards for a Rule 20 joinder, (2) would not confuse the jury or complicate the trial of these cases, and (3) would "clearly create judicial economy" without being prejudicial to any party.

¶13. In their briefs, Defendants raise a number of questions and factual arguments to try to illustrate a multiplicity here. For example, Defendants argue that the claims of each Plaintiff in *Alford*, *Bridges*, and *Wilson* "represent thirteen (13) separate plaintiffs," with separate, unique attorney-client relationships, "who, at trial, will seek to put on proof sufficient to satisfy the elements of up to ten (10) separate causes of action." They contend that these factors will present "a host of individualized fact questions" for the jury to consider. We disagree.

¶14. It is clear from the record that Plaintiffs' claims in *Alford*, *Bridges*, and *Wilson* arose from not just one "distinct litigable event" but a distinct chain of facts and events dating as far back as 2010. Contrary to Defendants' assertions, the *Alford*, *Bridges*, and *Wilson* Plaintiffs represent individuals (or representatives of those individuals) who tested positive for exposure to the same toxic chemicals[4] following the improper actions of the same manufacturing plant. Then, represented by the same Defendants, these Plaintiffs filed suit

---

[4] Polychlorinated biphenyls

11

against the same owners and former owners of the plant. They obtained the same global settlement amounts, which Defendants were charged with distributing. Defendants' actions in handling these settlement amounts ultimately led to Plaintiffs' filing suit and alleging virtually identical claims[5] against Defendants.

¶15. Additionally, Defendants argue that the trial court improperly consolidated *Alford*, *Bridges*, and *Wilson* because each of the "fraud-based claims" made by Plaintiffs "demand individual proof by each Plaintiff against each of the Defendants." Defendants further contend that each of the "individual Plaintiffs will not know of any of the alleged misrepresentations or omissions made to other Plaintiffs . . . [and as such,] no common issues of fact are involved in the collection of such evidence or analysis of those claims." To support this contention, Defendants cite *Mississippi Life Insurance Co. v. Baker*, 905 So. 2d 1179, 1186 (Miss. 2005), in which this Court reversed a trial court's denial of a motion to sever.

¶16. We note two important distinctions between *Baker* and the case sub judice. First, in *Baker*, we determined that the plaintiffs failed to provide evidence "which specifically [identified] any common misrepresentation to all plaintiffs" by the defendant. *Id.* The plaintiffs' claims resulted after they each obtained different loans with the defendant and secured different pieces of property over an eleven-year period of time. *Id.* Upon review, we found that the plaintiffs' claims contained only vague suggestions they all "'relied upon certain misrepresentations and omissions' on the part of [the Defendant]," and as such, they

---

[5] The exception is the one additional civil-conspiracy claim in *Bridges*.

12

failed to meet the "same transaction or occurrence" requirement. *Id.* at 1186  Unlike in *Baker*, Plaintiffs in *Alford*, *Bridges*, and *Wilson* present identical causes of action against Defendants, which stemmed from Defendants' representation of Plaintiffs in the same mass-tort litigation against the same manufacturing company, obtaining the same two settlements on behalf of Plaintiffs and then allegedly mishandled these same settlement funds.  Using the same case-by-case approach as we used in *Baker*, we find that the facts and circumstances in the current cases support the trial court's decision to consolidate under Rule 42 and Rule 20(a).  *Baker*, 905 So. 2d at 1182-83.

¶17.    Secondly, this Court's reversal in *Baker* was not solely based on the plaintiffs' failure but rather the failure of *both parties* to "present substantive evidence demonstrating the propriety or impropriety of joinder." *Id.* at 1187.  On remand, we specifically instructed that the trial court must: (1) require both parties "to present substantive evidence demonstrating the propriety or impropriety of joinder" and (2) "specifically state on the record the reasons for granting or denying the motion under Rule 20(a)." *Id.*  The record in today's case lacks neither requirement from *Baker*.  We find no merit to this argument.

¶18.    Again, "Rule 20 requires only that the [plaintiffs'] right[s] to relief against each defendant arise from the same transaction or occurrence and that there is some question of law common to all of the parties." *Kiddy v. Lipscomb*, 628 So. 2d 1355, 1358 (Miss. 1993) (citing M.R.C.P. 20 cmt.).  The commonalities between Plaintiffs and the series of events leading to these claims all support the special master's reports and recommendations and the

trial court's decision to consolidate *Alford*, *Bridges*, and *Wilson* under Rule 20(a). We, therefore, find no error.

### b. Rule 42 Consolidation or Severance of Claims

¶19. Plaintiffs moved to consolidate *Alford*, *Bridges*, and *Wilson*, citing both Rule 20 and Rule 42(a). Rule 42(a) governs the consolidation of causes of actions and states:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

M.R.C.P. 42(a).

¶20. Conversely, Rule 42(b) allows a trial court to order separate trials "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy." M.R.C.P. 42(b). As previously stated, Rules 20 and 21 involve the joinder or severance of parties, while Rule 42 governs the consolidation or separation of causes of action. But the Court views these rules conjunctively rather than in isolation. *Kiddy*, 628 So. 2d at 1358.

¶21. This Court has upheld decisions of trial courts that have relied on Rule 42(a) to determine that common questions of law and fact exist, thereby making consolidation proper. *Fielder v. Magnolia Beverage Co.*, 757 So. 2d 925, 934 (Miss. 1999). In doing so, we reasoned as follows:

> The rule established in this jurisdiction is "whether a consolidation should be ordered is within the sound discretion of the trial court," and "consolidation of actions in proper cases serves many sound purposes and should be liberally construed. The object is to avoid a multiplicity of suits, to prevent delay, to

clear congested dockets, to simplify the work of the trial court and to save numerous costs and expenses." *See* ***Stoner v. Colvin***, 236 Miss. 736, 110 So. 2d 920 (1959); ***Gwin v. Fountain***, 159 Miss. 619, 126 So. 18 (1930); ***Planters' Oil Mill v. Yazoo and M.V.R. Co.***, 153 Miss. 712, 121 So. 138 (1929).

***Fielder***, 757 So. 2d at 934 (quoting ***Vicksburg Chem. Co. v. Thornell***, 355 So. 2d 299, 300 (Miss. 1978)). We also agree that "[t]he concept of a common question of fact or law appears in Rule 20(a) . . . [and] Rule 42(a) . . . ." 1 Jeffrey Jackson, Donald Campbell, Justin Matheny, et al., *Mississippi Practice Series: Mississippi Civil Procedure* § 9:21, Westlaw (database updated May 2025).

¶22. In his reports and recommendations, the special master recommended, and the trial court granted Plaintiffs' Motions to Consolidate *and* denied Defendants' Motions to Sever, based upon both Rule 20 and 42. The special master found that the ***Alford***, ***Bridges***, and ***Wilson*** "contained identical questions of law and fact" and that consolidation would clearly further judicial economy without prejudicing any of the parties, and the trial court agreed. Considering the lengthy litigation that has already occurred in these cases, we find that severing the cases would only create further delay and cause the parties unnecessary costs and expenses. We, therefore, find that the trial court was within its discretion to consolidate these cases.

¶23. Finally, Defendants argue that the trial court improperly consolidated ***Alford***, ***Bridges***, and ***Wilson****,* because each of the "fraud-based claims" made by Plaintiffs "demand individual proof by each Plaintiff against each of the Defendants." Defendants further contend that each of the "individual Plaintiffs will not know of any of the alleged misrepresentations or omissions made to other Plaintiffs . . . [and as such,] no common issues of fact are involved

15

in the collection of such evidence or analysis of those claims." To support this contention, Defendants cite *Baker*, 905 So. 2d at 1186, in which this Court reversed a trial court's denial of a Motion to Sever.

¶24. Again, we refer to two important distinctions between *Baker* and the case sub judice, which we addressed above. Based upon the voluminous trial-court records and the special master's reports and recommendations in *Alford*, *Bridges*, and *Wilson*, we find no error in the trial court's decisions to grant consolidation and deny severance in the three cases.

## II. Defendants' Motions to Re-Open Discovery

¶25. Lastly, Defendants argue that the trial court erroneously denied their Motions to Re-Open Discovery in all four cases. They further assert that they requested "to conduct specific, limited discovery before these matters [are] tried, including discovery of [an] alleged settlement agreement with certain Defendants, together with any allocation of settlement funds among the individual Plaintiffs."

¶26. Defendants offer perplexing—and somewhat contradictory—assertions here. In their briefs, the Defendants state more than once that Plaintiffs have "allegedly" or "supposedly" settled with "the Sweet Defendants." They argue that "discovery is critical" for certain Defendants "to know who remains in this case." But the record contains an acknowledgment by Defendants that "Mr. Sweet and his firm have recently settled with Plaintiffs in the subject cases, but [Sweet] remains a key witness." If this acknowledgment is true, it should be safe for this Court to assume that "the Sweet Defendants" have been or will likely be dismissed

from the cases prior to trial. *See **Crane Co. v. Kitzinger***, 860 So. 2d 1196, 1200 (Miss. 2003).[6]

¶27.    Also, Defendants argue that any settlement amounts paid by "the Sweet Defendants" should be credited against any damages award against the remaining defendants. This assertion is certainly premature, as the parties have yet to go to trial at all, much less obtain a judgment on the matters. Should Plaintiffs obtain such judgments, any credit or offset of damages may be handled by the trial court. *See **Pickering v. Industria Masina I Traktora***, 740 So. 2d 836, 841 (Miss. 1999).

¶28.    Plaintiffs, however, dispute these assertions entirely, arguing that Defendants requested to conduct additional discovery to obtain "details about three unrelated attorney fee dispute lawsuits involving Plaintiffs' counsel." Regardless, we place the decision to reopen discovery in a case "squarely within the sound discretion of the trial court." ***Douglas***, 134 So. 3d at 697. The special master recommended that no additional discovery be allowed in this case, finding that "[t]his litigation has been pending for literally years with no restrictions having been imposed relating to discovery" and that "much of the discovery requested has previously been obtained." The extensive records that accompany each of the four cases before this Court substantiate the special master's findings. Thus, we find no

---

[6] In ***Kitzinger***, 860 So. 2d at 1200, this Court offered a concise explanation of the procedural steps that typically follow a settlement between litigants:

> When Kitzinger first filed her wrongful death lawsuit, Noble was included among the listed defendants. Subsequent to the filing, Kitzinger made an undisclosed settlement with Noble and other party defendants. A joint motion for dismissal was filed. The trial court then granted a judgment of dismissal with prejudice.

17

abuse of discretion in the denial of Defendants' Motions to Re-Open Discovery here, and we affirm the trial court's decision.

**CONCLUSION**

¶29.   We agree that Plaintiffs' claims sufficiently met all the requirements for joinder of parties under Rule 20 and consolidation of cases under Rule 42.  We, therefore, affirm the trial court's decisions to grant Plaintiffs' Motions to Consolidate *Alford*, *Bridges*, and *Wilson* and to deny Defendants' Motions to Sever *Bridges*, *Wilson*, and *Hartley*.   Likewise, we affirm the trial court's decision to deny Defendants' Motions to Re-Open Discovery.  The case is remanded to the Rankin County Circuit Court for further proceedings.

¶30.   **AFFIRMED AND REMANDED.**

**RANDOLPH, C.J., KING AND COLEMAN, P.JJ., MAXWELL, CHAMBERLIN, ISHEE, GRIFFIS AND SULLIVAN, JJ., CONCUR.**